## ARBY STRAIGHT

### v.

## JAMES H. ODELL ET AL.

PLEADING—BURDEN OF PROOF.—Under the pleadings in this case, appellant can not recover on a charge of general negligence, nor on a claim of absolute liability arising from the destruction of the building by fire. He undertook, by his declaration, to show that the injury was caused by a particular act of negligence known to him, and he can not, therefore, recover on proof of any other acts of negligence. As he had himself assumed the burden of pro f, he is estopped from claiming that the burden of proof to show care is on the appellees.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed July 27, 1883.

Mr. D. L. MURDOCK and Mr. C. C. STRAWN, for appellant; that in case of fires set through ordinary materials without the intervention of inflammable or explosive materials, the mere facts of a fire and damages therefrom, make a *prima facie* case of negligence and put the burden of disproving such negligence on the defendant, cited I. C. R. R. Co. v. Mills, 42 Ill. 407; C. & N. W. R'y Co. v. McCahill, 56 Ill. 28; C. & A. R. R. Co. v. Clampit, 63 Ill. 95; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; P. C. & St. L. R. R. Co. v. Campbell, 26 Wis. 223; Kesee v. C. & N. W. R'y Co. 30 Ia. 78; Kellogg v. C. & N. W. R'y Co. 26 Wis. 223; Ellis v. Portsmouth R. R. Co. 2 Ired. L. 9, 138; Burke v. R. R. Co. 7 Heisk. 451; A. R. R. Co. v. Stanford, 12 Kan. 354; Clemens v. R. R. Co. 53 Mo. 366; Piggott v. R. R. Co. 3 Man. Gr. & S. 229; Gibson v. R. R. Co. 1 F. & F. 23; 1 Addison on Torts, § 586, p. 633; Burton v. McClellan, 2 Scam. 434; Johnson v. Barber, 5 Gilm. 425.

As to the liability at common law of a tenant for damages to premises by fire: Wood's Landlord and Tenant, § 422, p. 707; Robinson v. Wheeler, 25 N. Y. 252; Panton v. Isham, 3 Lev. 356; Beaulieu v. Finglam, 2 H. 4 fol. 18 pl. 6.

The allegation of willfulness, negligence, etc., was imma-

Straight v. Odell.

terial and was not necessary to prove: Schroder v. Crawford, 94 Ill. 357; Hicks v. Silliman, 93 Ill. 255.

Mr. E. F. BULL and Mr. G. W. PATTON, for appellees; as to proof of title, cited 1 Chitty on Pl. * 62; 2 Greenleaf on Ev. § 230 b. 10th ed.; Dean v. Comstock, 32 Ill. 173; City of Champaign v. McMurray, 76 Ill. 353.

Since appellant has particularly and specifically pointed out in what manner the fire was caused, he must prove such allegation as laid: 1 Chitty on Pl. 417, 265; Stephens on Pl. 85; Gridley v. City of Bloomington, 68 Ill. 49; 1 Greenleaf on Ev. 65; 1 Starkie on Ev. 377.

A tenant from year to year is not liable for permissive waste: Torriano v. Young, 6 Carr. & Payne, 8; 1 Addison on Torts, 364; Cooley on Torts, 334; Hilliard on Torts, 127, note A; Bizzell v. Booker, 16 Ark. 308; Pantam v. Isham, 1 Salk. 19; Gibbons on Law of Dilapidation, 47; 1 Blackstone's Commentaries, 2d book, 283.

The common law doctrine did not apply to tenants at will or sufferance: Countess of Shrewsbury v. Crompton, 5 Co. 136, Cro. Eliz. 777; Tindal C. J. 4 M. & Se. 253; Horsefall v. Mather, Holt N. P. C. 9.

A tenant is not liable for an accidental fire: McCully v. Clark, 40 Penn. St. 399; Warner v. Hutchings, 5 Barb. 666; Suydam v. Jackson, 54 N. Y. 450.

As to burden of proof: Cooley on Torts, 670-673; McCully v. Clark, 40 Penn. St. 399; Parrot v. Wills, 15 Wall. 524; I. C. R. R. Co. v. Phillips, 55 Ill. 194; Toledo W. & W. R. R. Co. v. Moore, 77 Ill. 217; I. C. R. R. Co. v. Houck, 72 Ill. 285; Curran v. Warren, etc. 36 N. Y. 153; Brown v. Kendall, 6 Cush. 292; 2 Greenleaf on Ev. §§ 85-92; Tourtelotte v. Rosebrook, 11 Metc. 460; Williams v. East Ind. Co. 3 East, 192-9; Stephens on Pl. 98; Chicago v. Major, 18 Ill. 349.

LACEY, P. J.   This was a suit by appellant in case, alleging in one count, in the usual form, that he rented the whole of a building, and in the other, an undivided one third of the same to appellees for the purpose of occupying it in the manufact-

ure of check-rowers, and that in the manufacturing of such
check-rowers, the appellees used a dangerous combustible and
explosive material, called asphaltum, that required the ut-
most care and caution to prevent loss and damage by fire.
That the appellees willfully, carelessly and negligently heated
the irons to be painted with such asphaltum very hot, and
while the same were so hot, willfully, carelessly and negligent-
ly and without the exercise of proper care and diligence and
without appellant's fault, plunged the same into a large tub
of said asphaltum, which caused the same to explode and to
set fire to and destroy appellant's building and fixtures and
property therein contained, on account of which he claimed
$1,500 damages.

The trial resulted in a verdict in favor of appellees, and
judgment against appellant for costs.

First—The appellant in his argument claims two points of
law to be in his favor, which he claims was decided against
him by the court below greatly to his detriment, in giving
the first and fourteenth of appellees' instructions announcing
the rule of law; that the burden of proof was on the appellant
to show that the building was burned on account of appellees'
negligence, and refusing the appellant's instructions announc-
ing the reverse of this proposition, that the burden was on
appellees.

Second—He argues that the law is, that the appellant being
the landlord of the appellees, at common law the latter were,
even in the absence of covenants in the letting requiring it,
obliged to surrender up the premises at the expiration of the
term in as good condition as he received them, and that in
this case they were not excused from their obligation by proof
of accidental injury or destruction of the premises, and that
under this head the court erred in giving appellees 2, 4, 4 1-2,
5, 7, 10 1-2, and 14th instructions. Neither of the points are
well taken.

It is not necessary, and we do not assume, to decide what the
law is upon the points raised under proper pleadings and cir-
cumstances but only what it is as applicable to the facts and
pleadings in the present case.

As regards the first point, the appellant, as we think, is estopped from claiming that the burden of proof to show care is on the appellees, for the reason that he undertook by his declaration to show that the injury was caused by a particular act of negligence known to him, and as is admitted in argument by his counsel, he could not recover on proof of any other acts of negligence; therefore he had himself assumed the burden of proof.

Having chosen this only issue on the question of negligence he could not, on simple proof of the destruction of the building by fire, compel appellees to show that it was not destroyed in the manner charged in the declaration—that is, to prove a negative of appellant's own selection.

The second point is equally unavailing to him, because his declaration is not framed on the theory of absolute liability, he only counts for negligence, and that occurring in a particular manner, and all instructions asked by himself are based on the theory that appellees were only liable for failure to use ordinary care.   He could not then recover because bound by the allegations in his declaration on a charge of general negligence, nor on a claim of absolute liability arising from the destruction of the building by fire.

It is complained also that the court erred in refusing to give his eleventh refused instruction, which was, that if, in painting check-rower irons with asphaltum on the premises, appellees set fire to and destroyed the same, then the fact that the premises were so destroyed was *prima facie* evidence of negligence.   This leaves out the material item, that the proof must show that the "hot iron was thrust into the tub of asphaltum"; it assumed an impossible basis of recovery and presented an immaterial issue as it was drawn.

The refusal by the court to allow certain evidence to be introduced in regard to the dangerous character of asphaltum and other like matters, is not of material importance, if error, for the reason that most of such proof was before the jury and we think the verdict could not have been changed if admitted.   Some of it was not admissible.

The appellant makes no serious argument that the verdict

is not supported by the evidence, and, after examination, we are of opinion it is sufficient.

Judgment affirmed.