WATSON, Appellant, v. O'NEILL et al., Respondents.

[Submitted March 29, 1893. Decided March 12, 1894.]

Bond—*Reformation—Evidence.*—A bond given in connection with a building contract, and conditioned for the furnishing of all labor and material necessary to the completion of the building, as specified and shown on the plans furnished by the architect, need not be so reformed, before a recovery thereon, as to refer to said contract, since the instruments, being contemporaneous and parts of the same transaction, may be construed together to explain each other under section 632 of the Code of Civil Procedure.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION on bond. Judgment was rendered for the plaintiff below by BUCK, J. Reversed.

*William M. Blackford,* for Appellant.

*Henry C. Smith,* for Respondents.

PEMBERTON, C. J.—It appears that respondents, who were defendants in this action, executed and delivered to plaintiff, as sureties, an instrument as follows:

"Know all men by these presents, that Jos. O'Neill and Jacob Switzer, of the city of Helena, county of Lewis and Clarke, state of Montana, are held and firmly bound unto John R. Watson, of the city of Helena, county of Lewis and Clarke, state of Montana, in the sum of one thousand dollars, lawful money of the United States of America, to be paid to the said John R. Watson, his executors, administrators, or assigns, for which payment well and truly to be made we bind ourselves, heirs, executors, and administrators unto John R. Watson firmly by these presents. Sealed with our seals, and dated this third day of August, one thousand eight hundred and ninety-two. The condition of the above obligation is such that, should Frederick Eide begin and complete the brickwork on John R. Watson's business block, as follows: Frederick Eide is to furnish all the material, lime, sand, brick, and all labor necessary to the erection and completion of John R. Watson's business block, on Main St., as specified and shown on the plans as furnished by W. E. Norris, architect—then the above obligation to be void; otherwise to remain in full force and virtue.        FREDERICK EIDE.    [SEAL]

"JOS. O'NEILL.    [SEAL]

"J. SWITZER."    [SEAL]

This action was brought against said sureties on said bond to recover from them the sum of five hundred and forty-eight dollars and eighty-four cents damages, alleged to have been sustained by plaintiff through the failure of defendant Eide to furnish certain material and labor necessary to, and which were

used in, the construction of said building in accordance with the plans of the architect, mentioned in said bond. In bringing this action the appellant proceeded upon the theory that the bond above referred to is defective, in that it does not refer sufficiently to the contract to cover the damages sued for, and asks that said bond be so reformed as to refer to the building contract, and cover the damages as alleged, or the breaches thereof, and, after being so reformed by the court, that he have judgment against these respondents for the amount of such damages. So he inserts in his complaint a series of allegations to the effect that it was the intention of the parties to said bond that it should refer to said building contract, in addition to the references in the bond to the "plans as furnished by W. E. Norris, architect."

Answer was made by defendant sureties, Switzer and O'Neill, denying all the allegations of the complaint, and trial ensued, whereat, upon the close of the introduction of evidence on behalf of the plaintiff, respondents moved the trial court for judgment of nonsuit as to respondents O'Neill and Switzer, on the ground that the evidence does not prove, or tend to prove, any liability on the part of said sureties, which motion was sustained by the court, and judgment for nonsuit entered accordingly, from which judgment plaintiff prosecutes this appeal.

It appears from the case shown by the record that the motion for nonsuit was sustained upon the ground that no sufficient showing was made to warrant the court in reforming the bond in the respect sought by plaintiff, without consideration as to whether, upon the whole case made out, plaintiff was entitled to the recovery of damages sought to be recovered upon the bond, as executed, without reference to reformation. The bond as executed is pleaded, together with all the facts relating to the failure of the contractor, Eide, in constructing said building and furnishing the material and labor therefor, as provided by the plans of the architect, referred to in said bond, and the payment thereon, which involved the damage sued for. And, although the plaintiff sought a reformation of said bond to secure the extension of the terms thereof to include the building contract, as well as the plans and specifications,

we think the question arises, and should be considered by the court, first, whether plaintiff is entitled to the relief sought against said sureties, under the terms of said bond, and pleadings and proof, without reformation of the bond, as sought by plaintiff in this action; and, if that proposition should be resolved in the affirmative, it would leave out of consideration the whole question of reformation of said instrument, and the allegations of the complaint setting up the facts upon which reformation was sought would stand as surplusage.   In other words, in the view of this court, the question arises whether the trial court was warranted in granting a nonsuit, thereby denying plaintiff all relief in the action, upon the ground that he had not made out sufficient facts to sustain his demand for reformation of said instrument.

We are of the opinion that the whole question of reformation of said bond was unnecessarily brought into said action.   That the terms of the bond, as executed, and providing that the sureties guaranty in the sum of one thousand dollars, to the effect that said Frederick Eide, the contractor and builder, should "begin and complete the brickwork on John R. Watson's business block, as follows: Frederick Eide is to furnish all the material, lime, sand, brick, and all labor necessary to the erection and completion of John R. Watson's business block, on Main street, as specified and shown on the plans as furnished by W. E. Norris, architect," were sufficient to sustain this action for the recovery of the sum of money which the plaintiff may have been compelled to pay out towards the furnishing of the material and labor necessary for the erection and completion of the structure according to said plans, as alleged in the complaint, without any reformation or extension of the terms of said bond.

We think this action involves the construction and application of said instrument to the subject thereof, rather than the question of the reformation of the instrument.   In construing and applying the instrument to the subject to which it relates, the court was entitled to receive evidence of the "circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, . . . . so that the judge be placed in the position of those whose

language he is to interpret." (Code Civ. Proc., § 632.) And when the order of the nonsuit was entered, as appears from the record, the court had before it, as disclosed in the evidence, sufficient of such circumstances and situation of the parties to the subject matter of said bond to enable it to clearly find within the intendment of said instrument an obligation on the part of the sureties to guarantee the furnishing of the material and labor for the construction of the building, portrayed by the plans mentioned in the bond. (Code Civ. Proc., §§ 631, 636, 638.)

It is evident from the record that the plans and specifications of the building, the contract for the erection and completion thereof, and the bond sued on are all contemporaneous, and parts of the same transaction—in fact, parts of the *res gestæ*—and, as such, should be construed together, in order to explain each other, and determine the rights, obligations, and liabilities of the parties thereto.

For the reasons stated above, the judgment appealed from should be reversed, and it is so ordered.

*Reversed.*

HARWOOD and DE WITT, JJ., concur.