THE ATLANTIC COAST BREWING COMPANY, PLAINTIFF IN ERROR, v. JOSEPH C. CLEMENT, DEFENDANT IN ERROR.

1. One Muth erected a building for the plaintiff in error. Before he commenced the work he gave bond conditioned that he would keep the building free from lien claims. Clement, the defendant in error, was one of three sureties upon said bond. Clement afterwards fur-

nished materials for the erection of the building, and filed a lien claim thereon for the amount due him for such materials. *Held,* that Clement, by executing the bond as one of several sureties, was not deprived of the right to file a lien upon the building because he would thereby lose his right to contribution from his co-sureties.

2. The rule which prevents circuity of action applies where the rights of all parties concerned in the transaction can be adjusted in a single suit, and should not be enforced where it will produce manifest injustice.

On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 48.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Clarence L. Cole.*

The opinion of the court was delivered by

VAN SYCKEL, J.  One Frank Muth erected a building for the Atlantic Coast Brewing Company. Before he entered upon the work he gave bond to the brewing company for the faithful performance of his contract. Clement, the defendant in error, was one of three sureties upon the bond. The condition of the bond was that Muth should indemnify and save harmless the owner from all claims, demands, suits and actions, and should keep the building and lot free from encumbrance and lien of any and all debts, and furnish complete release of liens.

Clement furnished materials for the building, and filed his lien for the amount due him.

In defence to Clement's suit upon his lien claim, the plaintiff in error set up the bond of Muth, and contended that Clement, by executing the bond as surety, barred his own right to file a lien upon the building.

Judgment was rendered in the trial court for Clement for the amount of his lien claim, and was affirmed by the Supreme Court, whence it came into this court, by writ of error, for review.

It is insisted that the right to lien should be denied in order to avoid circuity of action; that it would be oppressive to

permit Clement to enforce his lien and compel the landowner to resort to a prosecution of the bond to get back the amount recovered on the lien claim. The rule as to circuity of action applies where the rights of all parties concerned in the transaction can be adjusted in a single suit, and should not be enforced where it will produce manifest injustice.

In *German Lutheran Church* v. *Wehr*, 44 *Md.* 453, the surety on the bond having furnished materials for the building, filed a bill in equity, under the Maryland procedure, to enforce his claim.

The bond was set up as a bar in the answer to the bill. The court retained the bill until judgment was obtained on the bond, and said if there was a recovery on the bond that judgment could be set off against the lien claim under the doctrine of equitable set-off.

In *Pinning* v. *Skipper*, 18 *Atl. Rep.* 659, Pinning was the principal obligor and not surety, and the court held that his right to a lien had been waived under a section of the Maryland Lien law, which provides for a waiver by the giving of the bond.

In neither of these cases was the lien claimant deprived of any substantial right.

In the case before us Clement is one of three sureties, between whom the right of contribution will exist if there is judgment upon the bond and an enforced payment by one surety, but that right to contribution will not arise upon a voluntary payment by Clement.

If the lien is enforced it will constitute a breach of the bond, and when the obligee recovers his damages for the breach, the sureties will be equally liable as between themselves. If the lien is barred by the suretyship of Clement, there will be no breach of the bond so far as his claim is concerned, and consequently the entire loss will fall on him, as he will have no legal claim to contribution.

Clement is liable upon his bond to indemnify the brewing company, and as part of that contract he is equally entitled to contribution from his co-sureties. While the court will

enforce the former obligation, it cannot deprive him of the benefit of the latter.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, GUMMERE, LIPPINCOTT, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 10.

*For reversal*—None.