## JOHN AIKENS, APPELLANT, *v.* H. L. FRANK AND ANOTHER, RESPONDENTS.

[Submitted May 17, 1898. Decided June 13, 1898.

*Foreclosure of Mechanic's Lien—Material Man—Estoppel—Appeal—Pleading—Admission—Denial.*

1. A material man, as surety on the bond of a contractor, expressly contracted not to suffer liens to be placed against the owner's premises for work and material performed or furnished by the contractor, and that he would save the owner free and harmless against all loss, liens, etc. *Held,* that he was estopped to enforce a lien of his own for material furnished the contractor.

2. And the fact that certain changes were made in the plans of the building does not alter the rule, where the building contract provides that such changes may be made.

3. Where a plaintiff replied to an answer setting up an estoppel, and the case was tried.

on the issues thus framed, he cannot, on appeal, depart from the lines within which he voluntarily confined himself by his pleadings below.

4.  Where a plaintiff admitted a bond pleaded by defendant, his denial of its plain and specific provisions is unavailing.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by John Aikens against H. L. Frank and another. From a judgment for defendant Frank, plaintiff appeals. Affirmed.

*J. A. Bender,* for Appellant.

*W. B. Rodgers and Charles R. Leonard,* for Appellees.

HUNT, J.   This action was instituted to obtain a decree of foreclosure of a mechanic's lien.   Plaintiff averred that he furnished to M. J. McCune, also a defendant, material and labor for a certain building erected for and owned by the defendant Frank at Butte.   Frank answered separately, and set up a contract with the defendant McCune, whereby McCune agreed to furnish the materials and to do the work described in plaintiff's complaint in consideration of the sum of $3,812, and pleaded a bond executed by said McCune, as principal, and the appellant, Aikens, and one J. F. Kelly, as sureties, to secure the faithful performance of the contract of McCune, principal contractor.   The contract provided that McCune should furnish all materials for and build and complete the building involved; and that during the progress of the work Frank might make any changes he pleased in the plans without impairing the validity of the contract, the cost of such changes to be added to or deducted from the amount due the contractor. The undertaking referred to contained the following provision:   "And shall not suffer any liens or incumbrances to be placed upon said building, or the land upon which it is to stand, or any part thereof, for any work or materials performed or furnished by said M. J. McCune in the performance of said contract, and shall in all respects save the said H. L. Frank free and harmless from all loss, liens, damage, de-

lays, or liability of any character by reason of the default of the said M. J. McCune in the performance of any of the provisions of said contract on his part, then the foregoing obligation to be null and void; otherwise to be and remain in full force and effect." Frank pleaded that plaintiff was estopped from claiming or enforcing a lien upon the property, and set up a counterclaim, alleging that various liens were filed upon the property which he was obliged to discharge by payment, and claiming that the contractor was guilty of certain delays, whereby, under the terms of the contract, the contractor became liable to pay certain liquidated damages. The agreement between Frank and McCune is made a part of the answer; so is the undertaking of McCune and the sureties.

The plaintiff filed a replication, in which he admitted the contract between McCune and Frank, and pleaded performance of the same. He also admitted that McCune, as principal, and himself and one Kelly, as sureties, entered into an undertaking with Frank wherein they severally undertook and bound themselves in the sum of $3,000; but averred that the conditions of such undertaking were as set forth in the replication. The plaintiff then set up the contract between Frank and McCune, yet denied that one of the conditions of the undertaking referred to was that McCune should not suffer any lien or liens to be placed upon the building, or upon the land upon which the same was to be built, for work or material furnished the said McCune, and alleged that the lien filed by himself was not filed by reason of the default of McCune in the performance of any of the provisions of the contract on the part of McCune. Plaintiff also denied that McCune delayed the completion of the building as alleged or at all. For reply to the counterclaim he set up that, in consideration of the said McCune and Kelly and plaintiff entering into said undertaking, an agreement was made by Frank to pay to McCune the sum of $3,812 for materials furnished and work done by McCune, but that Frank had not paid to McCune the said sum of money. He then pleaded that it was part of the agreement between Frank and McCune, and part

of the consideration of the bond entered into, that. Frank might change or modify the plans and specifications of the building, and that the difference in cost should be added to or deducted from the amount due said McCune; and that Frank did make certain changes and modifications in the plans and specifications, and that the difference of cost to McCune was thereby greatly increased, to-wit, in the sum of $1,844.97; and that Frank refused to pay said amount, or any part thereof, to McCune. Plaintiff also averred that Frank further agreed with McCune, and as a part of the consideration for the bond entered into, that, in the event of disputes arising between the parties to the contract, the architect was appointed sole arbitrator, and his decisions were to be final, and that the architect did decide upon matters of differences between them, and found and certified to the same, and that Frank was indebted thereby to McCune in the sum of $2,012, which amount Frank refused to pay.

A jury was sworn. Plaintiff was put upon the stand, and asked if he had furnished the brick to McCune, the contractor, to build the building described in the complaint. Objection was interposed to the introduction of any evidence on the part of plaintiff tending to establish his claim to a lien on the ground that it was incompetent, irrelevant and immaterial. The court sustained the objection, and held that the plaintiff could not introduce any evidence to establish a lien, being estopped from so doing. Thereupon the defendant Frank dismissed the counterclaim pleaded in his answer without prejudice. Judgment was then rendered in favor of defendant and against the plaintiff. Exceptions were duly preserved. The plaintiff appeals from the judgment.

Plaintiff states his first contention to be that "a material man is not estopped from enforcing his lien because he is on the contractor's bond to the owner to secure him from loss on account of the default or negligence of the contractor." This may or may not be true as an independent proposition of law, but, if we grant its correctness, it cannot affect this action, or aid this appellant. This is not a case where a material man

simply became a surety against loss on account of the default of the defendant by an obligation in general terms to that effect only, but one where the plaintiff became a surety on the bond of the principal contractor, in which bond he expressly contracted not to suffer any liens to be placed upon the building or land upon which the building stood for work or materials performed or furnished by McCune under his contract with Frank, and that he would save said Frank free and harmless against all loss, liens, etc., or liability of any character, by reason of the default of McCune in the performance of any of the provisions of his contract with Frank.

If the case, as stated by appellant, were before us, the opinion of the Supreme Court of California in *Blyth* v. *Torre*, 38 Pac. 639, would be in point, as it was there held that a surety on a contractor's bond, by the terms of which the surety guaranteed that the contractor would faithfully perform the conditions of his contract, and that he would keep the owners of the building and land harmless from all liens that might be filed on account of any claims against the contractor, not exceeding a certain sum, was not estopped from enforcing a lien of his own. But it was distinctly stated by Justice Garoutte, for the court, that the bond was "simply to indemnify the owner against damage," and within such limitations the decision was reached that the necessary facts did not arise to constitute an estoppel.

So, too, *Nice* v. *Walker*, 153 Pa. St. 123, 25 Atl. 1065, cited by appellant, and followed in *Miles* v. *Coutts*, 20 Mont. 47, 49 Pac. 393, is inapplicable, for there it was held that, in order to prevent the contractor or subcontractor from filing a lien, there must be an express covenant against liens, or such a covenant resulting as a necessary implication from the language employed. If that case has any bearings at all, it is in respondent's favor, for, as before stated, the appellant here did enter into the express covenant which was lacking in the Pennsylvania decision.

In *Atlantic Coast Brewing Co.* v. *Clement*, 59 N. J. Law, 438, 36 Atl. 883, the court, upon a state of facts similar to

those in this case, sustained the contention that appellant meant to rely on by affirming the rule that it was not a defense to the suit of a contractor upon a lien claim to interpose the bond of the contractor, with provisions therein not to suffer liens to be filed, upon which bond the plaintiff and lien claimant was a surety. The doctrine of estoppel seems not to have been considered by the court; at least the decision is not based upon any reasoning considering that ground, but upon the rule that to prevent circuity of action the rights of all parties concerned should be adjusted in one suit.

But it is clear to us that plain principles of justice should bar the plaintiff in this case. Having solemnly agreed that he would not suffer any liens to be filed for materials or labor furnished to the contractor under a contract pleaded, he asks the court to be permitted to stultify himself, and to be upheld in himself doing what he agreed should not be done. The contract is clear and specific. Having made it intelligently, why should appellant not be held to it? It is an important matter to the parties concerned. Surely, it would be against good morals to allow plaintiff, after he has waived his right of lien by his contract of suretyship, to seize respondent's property for a debt due him by the contractor for whom the plaintiff stands as surety. Let him resort to action against his principal, in whose solvency or ability he must have had some degree of confidence when he executed the undertaking, agreeing that the building should be built by his principal, and that as surety he would suffer no liens to be filed against it, or the land upon which it stands. The following cases are in point: *Scheid* v. *Rapp*, 121 Pa. St. Rep. 593, 15 Atl. 652; *Trustees of the German Lutheran Church, etc.* v. *Heise & Co. et al.*, 44 Md. Opinion, 480; *Long* v. *Caffrey*, 93 Pa. St. 526; *McHenry* v. *Knickerbacker et al.*, 128 Ind. 77, 27 N. E. 430; Boisot on Mechanics' Liens, § 586; Jones on Liens, § 1501; *Spears et al.* v. *Lawrence* (Wash.) 38 Pac. 1049.

It is said that the allegations of facts constituting the estoppel were denied by operation of law. It is true that the portions of the answer setting up the estoppel did not require a

reply.    Sections 720, 754, Code of Civil Procedure.    But the plaintiff did reply, and the case was tried upon the issues framed by the complaint, answer, and replication.    No suggestion was made to the district court by plaintiff that he desired to abandon the issues framed by the pleading, or to interpose defenses not stated by the reply filed.    He thus elected to put himself in the attitude of one making material admissions of fact, and proceeding with the case upon such admissions.    Under the circumstances he cannot mend his hold in the supreme court, and assert a right to go without the lines within which he voluntarily confined himself in the district court.

Plaintiff also contends that his reply raised an issue upon the extent and application of the bond.    But plaintiff, having by his pleadings admitted the execution of the bond and contract set up in the answer, can gain nothing by denying that the undertaking contained one of the plain and specific provisions written within the body of the undertaking itself. There is no ambiguity in the face of the undertaking, nor are there circumstances and facts pleaded which in any way could relieve the respondent of his contract not to suffer any lien to be filed for work or materials furnished by the contractor. *Watson* v. *O'Neill,* 14 Mont. 197, 35 Pac. 1064, has no pertinency.

Nor is there any merit in the contention that the respondent, Frank, made certain changes in the plans during the progress of the work, inasmuch as the contract between McCune and Frank gave Frank the right to make such changes as he pleased.    (*McHenry* v. *Knickerbacker, supra.*)

There being no error in the record, the judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and PIGOTT, J., concur.