PIERCE, Appellant, *v.* GREAT FALLS & CANADA
RAILWAY CO., Respondent.

[No. 1,056.]

[Submitted March 6, 1899. Decided April 17, 1899.]

*Railroads—Specific Acts of Negligence—Pleading—Review—*
*Verdict.*

1. Where, in an action against a railroad company, plaintiff alleges that his damage
was the result of specific acts of negligence, he cannot recover for negligence outside
such acts, since he must stand on the cause of action stated.
2. A judgment for defendant in an action against a railway company for damages for
negligently running its train through a windstorm, resulting in its derailment, is
proper, where the evidence of such negligence, aside from the fact of derailment, is
so slight as to be wholly insufficient to go to the jury, and the mere *prima facie* in-
ference of negligence arising from the fact of derailment is rebutted and overcome
by proof.
*Obiter.*- There must be more than a mere scintilla of evidence to justify a verdict, or it
will not be permitted to stand.

*Appeal from District Court, Cascade County; C. H. Ben-*
*ton, Judge.*

Action by Mary Pierce against the Great Falls & Canada
Railway Company. From a judgment for defendant, and an
order refusing a new trial, plaintiff appeals. Affirmed.

*J. C. Huntoon* and *J. A. Largent,* for Appellant.

*Thos. E. Brady,* for Respondent.

**PER CURIAM.**—Having suffered personal injuries by the
derailment of a car in which, as a passenger, she was being
carried by the Great Falls & Canada Railway Company, Mary
Pierce brought this action to recover $20,000 as damages
therefor.

The complaint contains the following allegations of negli-
gence: "That while said plaintiff was such passenger on said
car, at or near a station or place known as 'Sweet Grass,' in
Teton county, Montana, on the said defendant's railway in the

said state of Montana, the said car was derailed, thrown from the track of the said railway, overturned and burned; that said defendant wholly neglected to furnish a good and safe and properly equipped car in which to convey plaintiff, but had on said train a passenger coach that was improperly equipped, and had in charge of and on said train of cars, and in charge of the locomotive attached thereto, employes that were unfit and incompetent to discharge their duties as such employes, and did not furnish a proper and safe roadbed, ties, rails, and track, and did not inspect the said train of cars, and did not inspect, or keep in a good state of repair, the roadbed of the said railroad, but failed to discharge their duties in that behalf; all of which acts of negligence and omissions as herein alleged were well known to the defendant company and its employes in charge of said train and in charge of said roadbed and track, but were not known to this plaintiff. And while said plaintiff was such passenger on said car, being conveyed from the town of Lethbridge, Canada, to the city of Great Falls, Montana, near a station at the place known as 'Sweet Grass,' in Teton county, state of Montana, on said defendant's said railway in said state of Montana, the said car, by reason of the said negligence of the company and its employes as aforesaid, was derailed, thrown from the track of the said railway, overturned, and burned, which said derailment, overturning, and burning were caused by the carelessness and negligence of the said defendant and its servants,'' whereby the plaintiff was injured. The answer contains denials of the foregoing averments of the complaint with respect to negligence, and alleges that the derailment and burning of the car were caused by the act of God, and that it was beyond the power of human agency to prevent said accident; that at the time of the accident a great and unusual windstorm was raging, which blew the car from the track; and it was beyond the power of defendant to prevent the accident. The reply denies that at the time of the accident, or at any other time, the car was derailed by the windstorm, or otherwise or in any other way than as alleged in the complaint, or that the derailment or

burning was on account of the act of God, or of any other reason except as alleged in the complaint, and states that the derailment and burning were caused by reason of the defective condition of the roadbed, rails, ties, track, cars, locomotive, and the alleged negligence and failure to properly inspect and equip, as alleged in the complaint, and by the recklessness, negligence, and incompetency of the defendant and its employes, as alleged in the complaint. The plaintiff further denies that there was a great or unusual, or any, windstorm raging, and alleges that the derailment and destruction were due wholly to the recklessness, inefficiency, and negligence of said employes of the defendant, and failure and neglect of defendant, as alleged in the complaint. The jury returned a general verdict for defendant, and also found specially that the car was overturned by the wind alone. Judgment was thereupon entered in favor of defendant. Plaintiff appeals from the judgment, and from an order refusing a new trial.

1. No contention is made in this Court that defendant failed to furnish a safe and properly equipped car; nor does plaintiff claim that the employes of defendant were incompetent or unfit, nor that the roadbed, ties, rails, and track were unsafe, nor that the train of cars was not inspected. As to all these matters, the concession is made that defendant was free from negligence. There is but one question involved in this appeal, and necessary to its determination. It is conceded by the plaintiff, in her brief and on the oral argument, that, if the defendant is liable, it is so only because it was guilty of negligence in running the train through a severe windstorm from a station called "Sweet Grass" to the point where the accident occurred; and every assignment of error is based upon the supposed misdirection, and refusal to charge as prayed, upon that question.

Proof of the derailment of a car, in consequence of which a passenger therein was injured, being ordinarily *prima facie* evidence of negligence on the part of the common carrier (*Ryan* v. *Gilmer*, 2 Mont. 517; Patterson's Ry. Acc. Law, p. 438, Chapter VI; 5 Am. and Eng. Ency. Law (2d Ed.) p.

627, and notes), no necessity exists for the passenger to allege the particular cause of the accident. (Thompson on Carriers of Passengers, p. 547, Sec. 9; *Clark* v. *Chicago, etc., Railway Co.*, 15 Fed. 588.) In the case at bar, however, the plaintiff, instead of stating generally the failure of the defendant to exercise care in the discharge of its duties, alleged in her pleadings the particulars in which the negligence of defendant consisted. She could not recover for negligence in any other respect, for a plaintiff must stand upon the cause of action stated in the complaint. (*Price* v. *St. Louis, etc., Railway Co.*, 72 Mo. 414; *Schneider* v. *Mo. Pac. Railway Co.*, 75 Mo. 295; *Atchison* v. *Chicago, etc., Railway Co.*, 80 Mo. 213; *Straight* v. *Odell*, 13 Ill. App. 232; *Toledo, etc., Railway Co.* v. *Beggs*, 85 Ill. 80.) True, the recital, "which derailment, overturning, and burning were caused by the carelessness and negligence of said defendant and its servants," is made in the complaint; but this must, we think, be construed in connection with, and as controlled by, the other allegations of the complaint and reply, charging the negligence to have consisted in the omission to discharge certain specified duties. Although a reply was not required (*Babcock* v. *Maxwell*, 21 Mont. 507, 54 Pac. 943), still any admissions or averments of the reply are to be taken against the plaintiff, as a limitation of the issues. Plaintiff "cannot assert a right to go without the lines within which he voluntarily confined himself in the District Court." (*Aikens* v. *Frank*, 21 Mont. 198, 53 Pac. 538.)

2. In any aspect of the case, the appeal is without merit. We have carefully examined all the evidence contained in the record. That the car was derailed by the force of a great and unprecedented wind was conclusively proved, and is not controverted. If the concession be made that the pleadings are sufficient to raise the question of whether or not the defendant was guilty of negligence in running through the storm, a verdict for plaintiff would not be permitted to stand; for there must be more than a mere scintilla of evidence to justify a verdict. The evidence of negligence in the regard last mentioned (if, indeed, there is any, aside from the fact of derail-

ment), is so slight as to be wholly insufficient to go to the jury; and the mere *prima facie* inference of negligence arising from the fact of derailment was met, rebutted, and overcome by the proof. The district court would not have erred in granting the nonsuit for which defendant moved at the close of the testimony. (See *Garver* v. *Lynde*, 7 Mont. 112, 14 Pac. 697; *Wilson* v. *S. P. Railroad Co.*, 62 Cal. 172; *Mc-Quilken* v. *C. P. Railroad Co.*, 50 Cal. 8.)

The verdict and the judgment are clearly right, and will not be disturbed. Let the judgment and the order denying the motion for a new trial be affirmed.

*Affirmed.*