FLAHERTY, RESPONDENT, v. BUTTE ELECTRIC RAILWAY CO. ET AL., APPELLANTS.

(No. 2,763.)

(Submitted February 8, 1910. Decided February 21, 1910.)

[107 Pac. 416.]

*Personal Injuries—Minors—Guardians ad Litem—Right to Sue —Parent and Child—Imputed Negligence—Pleading—Negligence—General Allegations Followed by Statement of Specific Acts—Effect.*

Personal Injuries—Infants—Guardians *Ad Litem*—Right to Sue.
1.   *Held,* that the provision of section 6485, Revised Codes, empowering the father, or, in case of his death or desertion of his family, the mother of a minor child to maintain an action for personal injuries to the minor, is not exclusive, but that the minor may proceed under section 6481 and sue by his guardian *ad litem.*

Same—Parent and Child—Imputed Negligence.
2.   The negligence of the mother of a child of tender years, in permitting it to be exposed to the danger of being run over by a street-car, was not imputable to the infant so as to bar an action for damages on its behalf.

Same—Negligence—What Constitutes.
3.   Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done.

Same—Pleading—Negligence—General Allegations Followed by Statement of Specific Acts—Effect.
4.   Under the rule that where the pleader in his complaint in a personal injury action (other than one arising between passenger and carrier) sets forth general allegations of negligence and follows them with a statement of specific acts, he is confined in his proof to the acts specifically pleaded, there was a fatal variance where plaintiff, whose complaint, after charging, in general terms, negligence on the part of a street railway, alleged that but for the negligence of its motorman in failing to shut off the electric current or apply the brakes, the injury to plaintiff would not have occurred, was permitted to introduce proof tending to show that the sole cause of the accident was the motorman's failure to keep a proper lookout.

*Appeal from the District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Wilfred H. Flaherty, by Laura S. Flaherty, his guardian *ad litem,* against the Butte Electric Railway Company and another.   From a judgment for plaintiff and from an order

denying a new trial, defendants appeal. Reversed and remanded.

*Mr. W. M. Bickford* and *Mr. George F. Shelton* submitted a brief in behalf of Appellants. *Mr. Shelton* argued the cause orally.

The provision of section 6485, Revised Codes, is exclusive, and authorizes the father to maintain a suit in his own name for damages suffered by the child through the wrongful act or neglect of another. (See *Gardner* v. *Kellogg*, 23 Minn. 463; *Buechner* v. *Columbia Shoe Co.*, 60 Minn. 477, 62 N. W. 817; *Lathrop* v. *Schutte*, 61 Minn. 196, 63 N. W. 493.)

The doctrine of imputed negligence has been applied by this court in the case of *Whittaker* v. *Helena*, 14 Mont. 124, 43 Am. St. Rep. 621, 35 Pac. 904, where the negligence of a driver was imputed to a friend driving with him, so as to bar a recovery. It is the duty of parents to shield young children from danger, and if, by his own carelessness and neglect of the duty of protection, the parent contributes to an injury to the child, he is *in pari delicto* with the negligent defendant, and there can be no recovery for such injury. (*Johnson* v. *Reading Ry.*, 160 Pa. 647, 40 Am. St. Rep. 752, 28 Atl. 1001; *Grant* v. *Fitchburg*, 160 Mass. 16, 39 Am. St. Rep. 449, 35 N. E. 84; *Western Union Tel. Co.* v. *Hoffman*, 80 Tex. 420, 26 Am. St. Rep. 759, 15 S. W. 1048; *Casey* v. *Smith*, 152 Mass. 294, 23 Am. St. Rep. 842, 25 N. E. 734, 9 L. R. A. 259; *Callaghan* v. *Bean*, 9 Allen (Mass.), 401; *Dudley* v. *Westcott*, 18 N. Y. Supp. 130; *Cornovski* v. *St. Louis Tr. Co.*, 207 Mo. 263, 106 S. W. 51; *Hartfield* v. *Roper*, 21 Wend. 615, 34 Am. Dec. 273; *Weil* v. *Dry Dock Co.*, 119 N. Y. 147, 23 N. E. 487; *Kyne* v. *Wilmington etc. Ry. Co.*, 8 Houst. (Del.) 185, 14 Atl. 992; *McMahon* v. *N. C. Ry. Co.*, 39 Md. 438; *Baltimore C. P. Ry. Co.* v. *McDonnell*, 43 Md. 534; *Smith* v. *Atchison etc. Ry. Co.*, 25 Kan. 738; s. c., 28 Kan. 541; *Daly* v. *Hinz*, 113 Cal. 366, 45 Pac. 693; *Fitzgerald* v. *S. M. etc. Co.*, 29 Minn. 336, 43 Am. Rep. 212, 13 N. W. 168; *Toner* v.

*S. & C. C. S. Ry. Co.*, 109 Ky. 41, 58 S. W. 439; *Davis* v. *Seaboard Ry. Co.*, 136 N. C. 115, 48 S. E. 591; *Thomas* v. *C. M. & St. P. Co.*, 114 Iowa, 169, 86 N. W. 259; *Leslie* v. *Lewiston*, 62 Me. 468; *Brown* v. *European etc. Ry. Co.*, 58 Me. 384.)    The reason assigned for the rule in most of the cases is, that the child stands in such a relation of privity to the negligent parent, guardian or custodian, as exists in law between a master and servant, and principal and agent, and that the maxim, "*Qui facit per alium facit per se,*" is directly applicable.

It appears from the complaint that the act of negligence upon which the plaintiff relies for his recovery, and without which, according to the allegation, the injury would not have been inflicted, was the act of one only of the defendants, to-wit, Le Sage. Since, however, the plaintiff has generally characterized his cause of action by alleging a general and concurrent negligence in which both of the defendants joined, he, by later on showing that the injury resulted, if at all, from the act of only one of the defendants, has pleaded himself out of court.

By alleging a joint and concurrent negligence on the part of the two defendants, the plaintiff thereby elected to assume the burden of showing an active and concurrent negligence actually participated in by both defendants; and a failure to prove such combined action resulting in the injury complained of amounts to a fatal failure of proof and a bar to plaintiff's recovery. (*Forsell* v. *Pittsburgh & Mont. Copper Co.*, 38 Mont. 403, 100 Pac. 218.)

Where a plaintiff goes out of his way to allege a specific ground of negligence upon which he bases his recovery, he is absolutely bound to sustain that ground, or he must fail of his recovery. (*Pierce* v. *Great Falls etc. Ry. Co.*, 22 Mont. 448, 56 Pac. 867; *Hoskins* v. *Northern Pacific Ry. Co.* (Mont.), 102 Pac. 988.)

Where an infant suddenly runs upon a railway track in front of a moving car, which is under reasonable control and is stopped within a very short distance, the defendant company cannot be

held liable for injury to the child.   The fact of injury is not
enough.   Negligence of the company must be shown.   (See
*Roller* v. *Sutter St. Ry. Co.*, 66 Cal. 230, 5 Pac. 108; *Boland* v.
*Missouri R. Co.*, 36 Mo. 484; *Miller* v. *St. Charles St. Ry. Co.*,
114 La. 409, 38 South. 401; *Adams* v. *Nassau El. Co.*, 58 N. Y.
Supp. 543; *Meyer* v. *Midland Pac. Ry. Co.*, 2 Neb. 319; *Little
Rock etc.* v. *Cullen*, 54 Ark. 431, 16 S. W. 169; *Galveston etc.
Co.* v. *Chambers*, 73 Tex. 296, 11 S. W. 279; *Chicago etc. Co.* v.
*Becker*, 76 Ill. 25; *Barkley* v. *Missouri Pac. Ry. Co.*, 96 Mo. 367,
9 S. W. 793; *Culberson* v. *Crescent City Ry. Co.*, 48 La. Ann.
1376, 20 South. 902; *Hirschman* v. *Dry Dock etc. Co.*, 61 N. Y.
Supp. 304; *Pletcher* v. *Scranton Traction Co.*, 185 Pa. 147, 39
Atl. 837.)

*Mr. J. E. Healy* and *Mr. M. F. Canning* filed a brief in behalf
of Respondent, and both argued the cause orally.

We regard the allegations in the complaint, that "had Le Sage
shut off the electric current, etc., the injuries would not have
been inflicted," as mere negative allegations; they are hypothet-
ical statements, amounting to negations, stated after the positive
elements of a cause of action had been fully set forth.   It can-
not be denied that we had fully stated a cause of action up to
the words, "that had Le Sage shut off, etc."   As we regard the
negative allegations referred to, and upon which opposing coun-
sel so much rely, they amount merely to a statement that Le Sage
had the means at hand to stop the car had he made use of them,
his inattention and carelessness keeping him from using them.

The circumstances all show that this is not a case coming
within the rule contended for by opposing counsel, as to a child
suddenly coming upon a track, in front of a rapidly moving car,
but is a case of gross negligence on the part of the defendant
Le Sage, who says that he was following a rule of the company
in being thus grossly negligent.   (See Thompson on Negligence,
secs. 1424-1428; Shearman & Redfield on Negligence, 5th ed.,
secs. 485b and 485c, and notes; *Nugent* v. *Metropolitan Ry. Co.*,

17 App. Div. 582, 45 N. Y. Supp. 596; *Goldstein* v. *Dry Dock etc. Co.*, 35 Misc. Rep. 200, 71 N. Y. Supp. 477; *Ehrman* v. *Brooklyn Ry. Co.*, 14 N. Y. Supp. 336.) The case of *Sciurba* v. *Railway Co.*, 87 App. Div. 614, 84 N. Y. Supp. 85, is different as to other facts, from the case at bar, but it shows the importance of the element principally characterizing that case, and absent in the case at bar, to-wit, the stress laid by the courts upon the attention to business of the driver or motorman.

The rule as to contributory negligence of the parent or guardian being imputed to the child does not apply in cases of gross negligence on the part of defendant. (Thompson on Negligence, sec. 299, and supplement.) It is not negligence *per se* to permit a child to escape or go unattended upon the street. (*Id.*, sec. 324.) The negligence, if any, of a parent or guardian, under the weight of authority, will not be imputed to the child, where the child is of tender years, as in this case. (4 Current Law, p. 778; Bishop's Noncontract Law, sec. 582; Thompson on Negligence, secs. 289-311.) An examination of the cases will show that the doctrine of *Hartfield* v. *Roper* has been rejected gradually in most states. (*City of Evansville* v. *Senhenn*, 151 Ind. 42, 68 Am. St. Rep. 218, 47 N. E. 634, 51 N. E. 88, 41 L. R. A. 728; *Heldmaier* v. *Taman*, 188 Ill. 283, 58 N. E. 960; *Chicago etc.* v. *Tuohy*, 196 Ill. 410, 63 N. E. 997, 58 L. R. A. 270; *Mattson* v. *Minnesota Ry. Co.*, 95 Minn. 477, 111 Am. St. Rep. 483, 104 N. W. 443, 70 L. R. A. 503, 5 Am. & Eng. Ann. Cas. 498, note; *Neff* v. *Cameron*, 18 L. R. A., n. s., 320, note; *Atchison T. & S. Co.* v. *Calhoun*, 18 Okl. 75, 89 Pac. 207, 11 Am. & Eng. Ann. Cas. 681; *Davis* v. *Seaboard Air Line Co.*, 136 N. C. 115, 48 S. E. 591, 1 Am. & Eng. Ann. Cas. 214; *Chicago etc.* v. *Wilcox*, 138 Ill. 370, 27 N. E. 899, 21 L. R. A. 76.) A child of such age as the plaintiff could not even form a concept. The maxim, *"Qui facit per alium facit per se,"* could only have application as between reasoning beings. The relation of principal and agent, as such, does not exist between parent and child. (Shearman & Redfield on Negligence, 5th ed., sec. 144.)

Upon the question as to pleading and proving damages as to injuries to a child of such tender years as plaintiff, we respectfully refer to 13 Cyc. 147, note 45; *Schmitz* v. *St. Louis & I. M. Ry. Co.*, 119 Mo. 256, 24 S. W. 472, 23 L. R. A. 250; Watson on Personal Injuries, 532, 538, 539, 638, 639, 619, 620; *Wellmeyer* v. *St. Louis Trans. Co.*, 198 Mo. 527, 95 S. W. 925; *McDermott* v. *Severe*, 202 U. S. 600, 26 Sup. Ct. 709, 50 L. ed. 1162. Mental suffering arising from disfigurement of person, and the consciousness and contemplation of the same, are proper elements of damages, and the same need not be pleaded distinctly and specially if the nature of the disfigurement be shown. (Watson on Personal Injuries, p. 539, and cases cited.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries, prosecuted by the plaintiff, a minor child, by his guardian *ad litem*. From a judgment entered in favor of the plaintiff, and from an order denying them a new trial, the defendants appeal. There are many specifications of error; but, in view of the conclusion we have reached, only a few of them require consideration.

1. It is urged that the plaintiff cannot sue by his guardian *ad litem*, but must proceed under section 6485, Revised Codes. With this we do not agree. Section 3599 of the Revised Codes provides: "A minor may enforce his rights by civil action, or other legal proceedings, in the same manner as a person of full age, except that a guardian must conduct the same." Section 6481 of the same Code also provides: "When an infant   *   *   * is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending in each case. A guardian *ad litem* may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant,   *   *   *   in the action or proceeding, notwithstanding he may have a general guardian and may have appeared by him."

If the provisions of section 6485 are exclusive, as contended for by appellants, then the last portion of section 6481 is meaningless. Even assuming that a minor plaintiff may proceed under section 6485, it is still within the legal discretion of the trial court to appoint a guardian *ad litem* under section 6481. Section 6485 is identical in meaning with section 376 of the California Code of Civil Procedure and section 9 of the Washington Code of 1881, and the construction given by the courts of California and Washington meets with our approval. (*Durkee* v. *Central Pac. R. R. Co.,* 56 Cal. 388, 38 Am. Rep. 59; *Hedrick* v. *Ilwaco R. & N. Co.,* 4 Wash. 400, 30 Pac. 714.) While authorities may be found supporting appellants' contention, we think the decision we have reached is the only one which can be made and maintain the harmony of our Code provisions.

2. The trial court was requested by defendants to instruct the jury that the negligence of the child's mother, if shown, should be imputed to the child, and, if such negligence contributed to the injury, it would bar recovery by the child. This charge the trial court refused to give, but, on the contrary, gave an instruction that the negligence of the mother, if any, could not be imputed to the child. At the time of the injury the plaintiff was less than three years of age.

In 1839 the supreme court of New York, in *Hartfield* v. *Roper,* 21 Wend. 615, 34 Am. Dec. 273, announced the doctrine of vicarious or imputable negligence, and the rule has been followed by the courts of New York and some other states. The doctrine is founded upon the assumption that, since the child is *non sui juris,* the parent is keeper of, and agent for, the child, and therefore the act of negligence of the parent is deemed the act of the child, and the maxim, *"Qui facit per alium, facit per se,"* is applied. We do not know of any other reason which has been advanced in support of the doctrine, and in view of our Code (section 3590), if for no other reason, the doctrine cannot apply here. Agency implies the power to delegate authority, while the section last referred to provides: "A minor cannot give a delegation of power." But, aside from this section, we think the doc-

trine erroneous.   Section 3599, above, gives to the minor the same authority to enforce his rights by civil action as an adult, and to defeat his right by the act of another for which he is not in any sense responsible appears to us to be tantamount to a denial of his right altogether.

In 29 Cyc. 553, it is said: "According to the great weight of authority, in an action brought for the benefit of a child who has sustained injuries through the negligence of another, negligence on the part of the parents or those standing in *loco parentis* will not be imputed to the child nor bar a recovery by him.   The rule announced in *Hartfield* v. *Roper* has received severe condemnation in many of the courts repudiating it as authority, and is very generally regarded as unsound by text-writers."   In 7 American and English Encyclopedia of Law, second edition, 450, after referring to the courts which sustain the doctrine of the *Hartfield Case,* it is said: "But in other jurisdictions it is held that the negligence of the parent, guardian, or custodian is not imputable to the child, because it is in no way responsible for the danger, had no volition in establishing the relation of privity with the person whose negligence it is sought to impute to it, and should not be charged with the fault of such person in allowing it to be exposed to danger which it had not the capacity either to know or to avoid."   And in 4 Current Law, 778, the same thing is said, as follows: "By weight of modern authority, negligence of a parent or custodian is not imputable to a child *non sui juris,* so as to bar an action for or on its behalf."   (6 Current Law, 766; 8 Current Law, 1108.)

The strictures upon the doctrine announced in the *Hartfield Case* have been severe.   In 1 Thompson on Negligence, section 294, it is said: "As elsewhere seen, the doctrine of imputed negligence with reference to adults is generally repudiated, both in this country and in England.   That it should be adhered to in any enlightened jurisdiction with respect to children is a reproach to the judges who uphold it.   An adult person, when he commits his person to the custody of another, does so at least

voluntarily. An infant does not select his custodian; it is selected for him by the laws of nature, or by circumstances beyond his control. Certainly there is no reason why the ordinary principle that, where one is injured by the concurring negligence of two persons, he has an action against either or both, should not apply in the case of an injury to a child, unless the imputation is to be put upon the law of denying to feeble and helpless infancy the same measure of protection which it accords to adults. Such a conception is cruel, heartless and wicked. It can only hold in jurisdictions where property is placed above humanity.''

In refusing the defendants' requested instruction, and in giving the charge which it did, we think the trial court was correct.

3. It is contended that there is such a variance between plaintiff's pleadings and proof as amounts to a failure of proof. It is admitted in the pleadings that the street railway company is a corporation, and that Le Sage was at the time of plaintiff's injury the employee of the railway company in charge of its car as motorman. It is also admitted that Park street, upon which the accident occurred, was then a much used public thoroughfare. The complaint charges negligence in the following language: ''That at a point between said Columbia and Crystal streets said car was so operated as aforesaid, and driven as aforesaid by the defendant Le Sage, in such a careless, negligent and unskillful manner, that it collided with and ran over the plaintiff herein, causing him such injuries as to necessitate the amputation of his right leg; that at said time, and under such circumstances, the defendant Le Sage was guilty of such inattention to his assumed duties and drove said car so carelessly, unskillfully and negligently that said injury occurred to plaintiff as aforesaid; that had said Le Sage shut off the electric current propelling said car, or applied the brakes thereto, which are attached for such purposes, either of which could be done with entire safety, and before colliding with this plaintiff, the injuries alleged herein, or any injuries to plaintiff, would not have been inflicted.''

" 'Negligence' is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done.'' (*Birsch* v. *Citizens' Electric Co.*, 36 Mont. 574, 93 Pac. 940.) Assuming, without deciding, that, in the absence of a special demurrer, the general allegations of negligence contained above, if standing alone, would be sufficient, what then is to be said of the allegation "that had said Le Sage shut off the electric current propelling said car, or applied the brakes thereto, which are attached for such purposes, either of which could be done with entire safety, and before colliding with this plaintiff, the injuries alleged herein, or any injuries to plaintiff, would not have been inflicted"?

We are asked by counsel for respondent, who placed this allegation in the complaint, to disregard it as surplusage, or treat it merely as an allegation that Le Sage had the means at hand to stop the car. But we cannot disregard it. It must have been intended for some purpose. Neither are we able to confine its meaning as counsel would have us do. The language is not susceptible of such construction. In this clause the plaintiff says, in language too plain to be misunderstood, that, but for the failure of Le Sage to turn off the current or apply the brake, the injury to plaintiff would not have occurred; in other words, the failure of Le Sage to do either of these two acts was the direct and proximate cause of the injury, and without which the injury would not have resulted. There is here then pleaded, not only the direct and proximate, but the sole, cause, the *causa sine qua non* of the schoolmen.

In negligence cases, other than those arising between carrier and passenger, it is a rule quite generally recognized that where plaintiff in his complaint sets forth general allegations of negligence, and follows them with a statement of specific acts of negligence, he will be confined in his proof to the acts specifically pleaded. (*Gulf etc. Ry. Co.* v. *Younger*, 10 Tex. Civ. App. 141, 29 S. W. 949; *Wallace* v. *San Antonio etc. Co.* (Tex. Civ. App.), 42 S. W. 865; *San Antonio Gas & Electric Co.* v. *Speegle* (Tex.

Civ. App.), 60 S. W. 884; *McManamee v. Missouri Pac. Ry. Co.*, 135 Mo. 440, 37 S. W. 119; *Chicago etc. Co.* v. *Wheeler,* 70 Kan. 755, 79 Pac. 673.) While there are some courts which do not recognize the doctrine, the reason for the rule seems to us manifest. Assuming that the general allegations are sufficient, in the absence of a special demurrer or a demand for a bill of particulars, yet, if a bill of particulars is demanded and furnished, the courts generally hold that the plaintiff must confine his proof to the acts of negligence mentioned in such bill. If, then, the plaintiff anticipates the demand for a bill of particulars by specifying in his complaint the specific acts of negligence upon which he intends to rely, it would seem to follow that he must be confined in his proof to the same extent as though he had furnished the same information in response to a demand for a bill of particulars. The plaintiff may, if he so elects, narrow the issues to a single act of negligence; but, having done so, he must be confined in his proof to such act. He "cannot assert a right to go without the lines within which he voluntarily confined himself." (*Aikens* v. *Frank,* 21 Mont. 192, 53 Pac. 538; *Pierce* v. *Great Falls & C. Ry. Co.,* 22 Mont. 445, 56 Pac. 867.) If this were not so, the very purpose of pleadings would be destroyed, and, instead of the complaint apprising the defendant of the proof which he would be called upon to meet, it would become a device to entrap him. Having reached the conclusion that the plaintiff in his complaint narrowed the issues to the single act of negligence on the part of Le Sage in failing to turn off the electric current or to turn on the brake, the fatal variance at once becomes apparent.

The evidence offered by the plaintiff discloses that, as soon as the child was discovered in a place of danger, the current was turned off, the emergency brake applied, and the car stopped within a distance of a very few feet, but not until after the injury had been inflicted. In fact, the witness Lally for the plaintiff, after telling what he and Le Sage did in their effort to avoid the injury, says: "I do not think there was anything which could be done by either me or Mr. Le Sage from the time I, or

either of us, saw the boy that was not done to stop the car.''
Over the objection of defendants, the court submitted the case to
the jury upon the theory that if the defendants were shown to be
negligent in any respect, the plaintiff could recover; and under
this general charge the jury might well have determined that
Le Sage was negligent in failing to keep a proper lookout.   In
fact, it appears to us to be the only negligence which the evi-
dence tends to prove.   But that was not the negligence charged,
and could not be considered.   (*Forsell* v. *Pittsburgh & Mont. C.
Co.*, 38 Mont. 403, 100 Pac. 218.)   Under the view of the plead-
ings which we have taken, the theory of the case entertained by
the trial court, as disclosed by the instruction given, was erron-
eous.

It is not necessary to consider the question, urged by counsel,
that the verdict is excessive.   We do not think there is any merit
in the other contentions made by appellants.   But because the
proof tends to disclose an act of negligence different from the
one relied upon and does not support the allegations of the com-
plaint, there is such a variance as amounts to a failure of proof;
and for this reason the judgment and order are reversed, and the
cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly  and Mr. Justice Smith  concur.