JULIA M. FERRY, Respondent, *v.* THE MANHATTAN RAILWAY
COMPANY, Appellant.

In an action to recover damages for injuries received by plaintiff while
attempting to alight from one of defendant's trains, it appeared that as
plaintiff was about stepping from the front platform of the fourth and
last car the train suddenly started and she was thrown down and
injured; between the third and fourth cars a brakeman was stationed
whose duty was to open the gates to permit the egress and ingress of
passengers and then to close them, and give a signal by a pull upon a
bell rope extending from the bell on the engine to where said brakeman
was stationed; this signal was communicated to the next forward brake-
man, whose duty it was to so hold the rope as not to permit the signal
to pass him, and when he closed the gates under his control to transmit
the signal by two pulls of the rope and so on until the signal reached
the engineer, whose duty it was then to start the train. In this case
the signal was given by the brakeman between the second and third
cars; he testified that he received a signal which he supposed was given
by the rear brakeman; the latter, however, testified that he gave none.
To explain this, evidence was given on the part of the defendant tend-
ing to show that a passenger standing in the third car about the time
the train stopped, caught hold of the bell rope to steady himself.
Plaintiff gave evidence tending to impeach the credibility of the
forward brakeman. The court charged that if the jury found the
train was started by the passenger, defendant was not negligent, but if
not so started, it was negligent. Defendant's counsel then requested
the court to charge, "that there was no proof that there was any vice
in the system of communicating signals and the jury are not to con-
sider the question ;" this was refused except as charged. *Held*, no error;
that the proposition contained in the request could have no considera-
tion unless the act of the passenger caused the signal, and as the court had
charged, in that case, defendant was not negligent, this rendered the
question as to any defect in the system of signalling unimportant.
Reported below (22 J. & S. 325).

(Argued January 21, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the
Superior Court of the city of New York, entered upon an
order made May 2, 1887, which affirmed a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts are sufficiently
stated in the opinion.

*Julien T. Davies* for appellant. It is the legal right of counsel to submit to the court propositions of law, and the court is bound to instruct the jury upon each proposition so submitted. (*Zabriskie* v. *Smith*, 13 N. Y. 322, 338; *Chapman* v. *McCormack*, 86 id. 479; *Schile* v. *Brokhaus*, 80 id. 614; *Taylor* v. *Ketcham*, 5 Robt. 507, 520.) Where it appears that each request is separately made and passed upon and excepted to, the exception will be held sufficiently specific. (*Dunckel* v. *Wiles*, 11 N. Y. 420.) Where the court, upon the trial, has refused to charge a request to which a party was entitled, the latter is entitled to a new trial if it appears that he might have been prejudiced. (*Green* v. *White*, 37 N. Y. 406, 407; *Thacher* v. *Jones*, 31 Me. 528, 534; *Lane* v. *Crombie*, 12 Pick. 177; *Clark* v. *Dutcher*, 9 Cow. 674; *C. & A. R. R. Co.* v. *Belknap*, 21 Wend. 354; *People* v. *Wiley*, 3 Hill, 194; *Erben* v. *Lorillard*, 19 N. Y. 299.)

*Benjamin G. Hitchings* for respondent. The motion for a non-suit was properly denied. (Laws of 1881, chap. 399; *Roberts* v. *Johnson*, 58 N. Y. 613; *Bartholomew* v. *N. Y. C. R. R. Co.*, 102 id. 613; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 297; *Holbrook's Case*, 12 id. 236; *Wenzlick* v. *McCotter*, 87 id. 125; *Jackson* v. *Leggett*, 7 Wend. 377; *Calvin* v. *Burnet*, 2 Hill, 620; *Mayor, etc.,* v. *Mason*, 1 Abb. Pr. 344; *Calyrove* v. *H. R. R. Co.*, 6 Duer, 382, 412; *McCotter* v. *Hooker*, 8 N. Y. 497; *S. & S. P. R. Co.* v. *Thatcher*, 11 id. 102; *Leslie* v. *K. I. Co.*, 63 id. 27.) A jury is not bound to believe the testimony of a witness on a controverted question, though not directly contradicted or directly impeached. (*Elwood* v. *W. U. T. Co.*, 45 N. Y. 553; *Kohler* v. *Adler*, 78 id. 291; *Kavanaugh* v. *Wilson*, 70 id. 177; *Stilwell* v. *Carpenter*, 2 Abb. [N. C.] 257; *N. Y. & B. F. Co.* v. *Moore*, 18 id. 106; *Woolfhart* v. *Berkhart*, 92 N. Y. 497; *Nicholson* v. *Conner*, 8 Daly, 212; *Ernst* v. *H. R. R. R. Co.*, 38 N. Y. 22.) This court will not send a case back, where the sole defense set up is obviously untenable. (*Edmonston* v. *McLeod*, 16 N. Y. 543; *Foot* v. *Æ. Ins. Co.* 61 id. 578; *Capron* v. *Thompson*, 86 id. 418.)

BRADLEY, J. The plaintiff was one of a party of nine persons who, at One Hundred and Eleventh street in the city of New York, entered the last one of four cars constituting a train upon the Second Avenue Elevated Railway, operated by the defendant, and when the train stopped at Fifty-seventh street they proceeded to alight from the car. Six of them had done so, and the plaintiff, next following them, was about stepping from the car when the train suddenly started, as some of the witnesses say, with a jerk, and she was thrown down and severely injured. She brought this action to recover damages for the injury so received, which she charges was occasioned solely by the negligence of the defendant. It was the duty of the latter to give passengers a reasonable opportunity to leave the train at stations where they wished to alight. The conclusion was warranted by the evidence that no fault of the plaintiff contributed to the injury. And as the train and its movement were apparently under the control of the employees of the defendant, the presumption was permitted that the failure to give the plaintiff the opportunity to get from the car before the train started, and its consequences to her, were attributable to the negligence of the defendant. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297.) And the burden was cast upon the defendant to repel such presumption. (*Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 408; *Caldwell* v. *N. J. Steamboat Co.*, 47 id. 282.) This it sought to do by proving the system and the manner of performing the service of running its trains as applied to the one in question, and by giving evidence which it was claimed tended to show that this accident was not chargeable to any fault in either. This was a train of four cars. The places for the passengers to depart from it were at the connecting ends of the third and fourth, second and third, and first and second cars; that at the latter place was the conductor, and at each of the other places mentioned was a brakeman, whose duties respectively at stations were to open the gates to permit the egress and ingress of passengers, and when that was accomplished to close the gates and give

signals, which, when transmitted to the engineer, it was his duty to start the train and proceed to the next station. This signal was given by means of a bell-rope located near the roof-ceiling of the cars, and extending from the bell on the engine to the place where the rear brakeman was stationed.

The system required the latter, when the getting off and on of the passengers at that point was completed at a station, to give the signal to the next forward brakeman, whose duty it was to so hold the rope as not to permit the signal to pass him, and when he closed the gates under his control to transmit the signal by two pulls of the cord to the conductor, whose duty it was in like manner to receive it, and when he closed the gates under his control to give the signal to the engineer to start the train. In this instance the signal was given by the brakeman between the second and third cars to the conductor, and by the latter to the engineer, and the train started just as the plaintiff was proceeding to step from the fourth car to the station platform. The brakeman between that and the third car testified that he had then given no signal. And to explain the cause of the signal to the brakeman between the second and the third cars, evidence was given tending to prove that a passenger standing in the third car, about the time the train stopped, to steady himself caught hold of the bell-cord, which may have had the effect of a signal to the brakeman or guard at the front end of that car, and caused its transmission by him to the conductor and thence to the engineer. The last mentioned brakeman testified that he did receive a signal, which he sup- posing came from the rear brakeman transmitted it to the con- ductor. There was evidence on the part of the plaintiff tending to impeach the credibility, as a witness, of the last- mentioned brakeman, which permitted the jury to conclude that his evidence was not entitled to credit. And in view of that question, which was submitted to the jury, the further question, as one of fact, whether any signal from any source in the rear of his position as guard was received by him, as he testified, was also submitted to them. And in view of the charge as made to them by the trial court, they evidently found that his

evidence to the effect that he did receive a signal was not true.
This was warranted by the evidence.    The defendant's coun-
sel does not, on this review, complain of the submission of
that question of fact to the jury, but does argue that the court
erred in the refusal to charge as requested, that " there was no
proof that there was any vice in the system of communicating
signals, and the jury are not to consider this question."    Also
that " there is not a particle of evidence that the method of
fixing the bell-rope was not the best method of fixing it, and
the jury are not to take this question into consideration."    These
propositions had relation to the fact, if so found, that the sig-
nal was given by the act of the passenger in taking hold of
the rope, which the jury were permitted by the evidence to
find.    When requested to charge those propositions respect-
ively, the court refused except as charged, and exceptions
were taken.    The court had charged the jury that if they
found that the train was started by the passenger in the man-
ner he says he did it, then the defendant was not negligent and
the plaintiff could not recover ; but if on the other hand they
found that the train was not started by the passenger in that
manner, that is if he did not give the signal to the brakeman,
which caused the latter to signal the conductor, then the
defendant was negligent.    This seems to have fully covered
those propositions, which the court was so requested to submit
to the jury, so far as they had any bearing upon any question
presented at the trial.    They could have no consideration
unless the jury found that the act of the passenger caused a
signal to the brakeman which led him to extend it.    And the
court had distinctly charged the jury that if they so found the
fact, the accident was without fault of the defendant and the
plaintiff could not recover.    This covered the entire purpose
and effect, which these propositions could have served or had
given to them, and went further in favor of the defendant.
So that their finding that the signal was caused by the act of
the passenger in taking hold of the bell-cord, would close
further inquiry by the jury and require them to find a verdict
for the defendant.    The defense rested upon the evidence

tending to prove that fact. And the court by the charge gave to the defendant the full benefit of it if the jury so found it. This rendered unimportant the inquiry whether defendant's system of service was unobjectionable and the bell-cord properly located or placed where it best could have protection against irregular disturbance and with a view to the safety of passengers. There seems to have been no opportunity possible for the defendant to be prejudiced by the refusal of the court to charge further than it had already charged the jury on that subject. It, therefore, is unnecessary to consider the question whether the defendant's requests should otherwise have been granted.

As those are the only exceptions urged upon our attention, and as we think they or any of the others are not well taken, the judgment should be affirmed.

All concur, except Haight and Parker, JJ., not sitting.

Judgment affirmed.