ELLEN D. PIPER *vs.* MINNEAPOLIS STREET RAILWAY CO.

Submitted on briefs Dec. 15, 1892. Decided Jan. 16, 1893.

**Verdict Supported by the Evidence.**

Evidence *held* to justify a verdict charging the defendant with negligence in starting a street car while a passenger was in act of getting off.

**Contributory Negligence—Acts Done in Sudden Peril may not be.**

Evidence considered as justifying an instruction by the court as to the law applicable where one in peril, induced by the negligence of another, seeks to avoid it by acts which, under other circumstances, might be contributory negligence.

**Carrier of Passengers—Degree of Care Required of.**

*Held* not material, under the evidence, whether or not the court stated too strongly the degree of care required of carriers of passengers.

Appeal by defendant, the Minneapolis Street Railway Company, from an order of the District Court of Hennepin County, *Canty*,

J., made July 16, 1892, granting its motion for a new trial unless plaintiff, Ellen D. Piper, consent to reduce her verdict of $4,000 to $3,200, and refusing it if she did.

On September 9, 1891, plaintiff, Ellen D. Piper, attempted to alight from an electric street car at the crossing of Central Avenue and Fifth Street Southeast in Minneapolis. While she was doing so, the car was started without notice or warning, and she was thrown down and injured so seriously that she was compelled to give up the business of keeping boarders in which she was engaged. She brought this action to recover damages. The issues were tried May 16, 1892. The defendant's eighth request to charge was as follows:

"If the jury believe from the evidence in this case that at the time the plaintiff attempted to step down and alight from the car, the same was already in motion, and that by reason of attempting to alight from such car while in motion she was thrown down and injured, then she cannot recover in this action, and your verdict must be for the defendant."

The judge refused to so charge the jury and defendant excepted. The judge charged the jury as follows;

"A common carrier of passengers is required to use the highest degree of care which human foresight can attain, and is liable for the slightest negligence resulting in injury to a passenger, if the passenger himself has used reasonable care. The passenger must use reasonable care; that is, the care that a person of ordinary prudence would use under the circumstances, the care that an ordinary man would use. But the carrier of passengers must use this high degree of care, and is liable for the slightest negligence resulting in injury.

"There is a conflict in the evidence. Some of the witnesses testify that as the car started on, the plaintiff jumped off and staggered and took a few steps and fell. Now, even if she jumped off, if the company were negligent in starting the car, and a person of ordinary care might have done the same thing under the circumstances; if a person of ordinary prudence might have jumped off in the excitement of the moment, then it would not be contributory negligence for her to have done so, even though it might not have been the best thing to have done."

To each paragraph of this charge the defendant duly excepted. The plaintiff had a verdict for $4,000. The defendant moved the court to grant a new trial for errors of law occurring at the trial and excepted to by it, and on the ground that the damages given were excessive. The court ordered a new trial unless plaintiff should, within ten days, file her consent that the verdict be reduced to $3,-200; and denying the motion if she did. She filed her consent. Defendant appeals from the order.

*Koon, Whelan & Bennett,* for appellant.

There is no evidence showing, or tending to show, that plaintiff, when she left the car, was frightened, or under the influence of any real or supposed peril. She nowhere in her testimony states that she was in any way frightened. Therefore this part of the charge was unwarranted, and not based upon any evidence in the case, and was erroneous. The instructions of the court must be based upon the evidence in the case. *Hewitt* v. *Begole,* 22 Mich. 31; *Ward* v. *Henry,* 19 Wis. 76; *Coal Run Coal Co.* v. *Jones,* 127 Ill. 379; *Swank* v. *Nichols,* 24 Ind. 199; *Atkins* v. *Nicholson,* 31 Mo. 488; *Bogle* v. *Kreitzer,* 46 Pa. St. 465; *Cushman* v. *Cogswell,* 86 Ill. 62.

The instructions of the court should be confined to the issues made by the pleadings, as well as the evidence introduced in the case. *Nollen* v. *Wisner,* 11 Iowa, 190; *Hall* v. *Strode,* 19 Neb. 658; *Chicago & Alton R. Co.* v. *Mock,* 72 Ill. 141; *Columbus, C. & I. C. Ry. Co.* v. *Troesch,* 68 Ill. 545; *Toledo, St. L. & K. C. R. Co.* v. *Cline,* 135 Ill. 41.

There is nothing in either the pleadings or the evidence indicating that the accident in question took place by reason of any fright occasioned by any real or apparent peril in which the plaintiff was placed at the time she was injured, hence this portion of the judge's charge was entirely erroneous and liable to mislead the jury. *Ruff* v. *Jarrett,* 94 Ill. 475; *Toledo, W. & W. Ry. Co.* v. *Shuckman,* 50 Ind. 42; *Stratton* v. *Central City Horse Ry. Co.,* 95 Ill. 25; *Wabash Ry. Co.* v. *Henks,* 91 Ill. 406; *Holloway* v. *Johnson,* 129 Ill. 367.

The District Court erred in refusing to give the eighth instruction asked by defendant. If plaintiff remained upon the car until it was

in motion and then attempted to alight, and while doing so was injured because the car was in motion, it is plain that the accident was caused by her own act, and not by any act of the defendant. Such action on her part was contributory negligence, which would prevent her recovery. Therefore this instruction should have been given to the jury.

The court erred in stating the degree of care which the law requires of a common carrier of passengers. It entirely leaves out the necessary qualification, that such degree of care is the highest degree of care consistent with the practical operation of a street railway, or as it is sometimes stated, the highest degree of care consistent with the undertaking of the railway company. *Pittsburg, C. & St. L. R. Co.* v. *Thompson*, 56 Ill. 138; *Conway* v. *Illinois Central Ry. Co.*, 50 Iowa, 465; *Grand Rapids & Ind. R. Co.* v. *Huntley*, 38 Mich. 537; *Dougherty* v. *Missouri R. Co.*, 97 Mo. 647; *Michigan Central Ry. Co.* v. *Coleman*, 28 Mich. 440; *Gilson* v. *Jackson Co. Horse Ry. Co.*, 76 Mo. 288; *Smith* v. *St. Paul City Ry. Co.*, 32 Minn. 1; *Oviatt* v. *Dakota Central Ry. Co.*, 43 Minn. 300; *Meier* v. *Pennsylvania R. Co.*, 64 Pa. St. 225; *Louisville City Ry.* v. *Weams*, 80 Ky. 420.

*Henry Ebert* and *C. A. Ebert*, for respondent.

Proof by plaintiff in an action for personal injuries received in alighting from a street car, that on the stopping of the car and while she was alighting, the driver suddenly started the car with a jerk, which cause her to fall, whereby she was injured, establishes a *prima facie* case of negligence in the management of the car, casting the burden of disproof on the defendant. *Birmingham Union Ry. Co.* v. *Hale*, 90 Ala. 8: *Birmingham Union Ry. Co.* v. *Smith*, 90 Ala. 60; *Texas & P. Ry. Co.* v. *Miller*, 79 Texas, 78; *McDonald* v. *Long Island R. Co.*, 116 N. Y. 546; *Franklin* v. *Southern Cal. M. R. Co.*, 85 Cal. 63; *Jeffersonville Ry. Co.* v. *Hendricks*, 26 Ind. 228; *Jefferson Ry. Co.* v. *Parmele*, 51 Ind. 42; *Keller* v. *Sioux City & St. P. R. Co.*, 27 Minn. 178; *Swigert* v. *Hannibal & St. J. R. Co.*, 75 Mo. 475; *Ridenhour* v. *Kansas City C. Ry. Co.*, 102 Mo. 270; *Poulin* v. *Broadway & Seventh Ave. R. Co.*, 61 N. Y. 621.

The question whether, by the starting up of the car, plaintiff was so suddenly put in peril as to leave no time for consideration of what might be the best way to escape, and the question whether, under the circumstances, and the natural excitement of the moment, it was natural for her to jump off, were properly submitted to the jury.

The judge properly refused to give defendant's eighth instruction. This instruction excludes from the consideration of the jury all the facts and circumstances of the case under which the plaintiff acted, except the single fact that she jumped, and if the jury should find that, then the court was asked to say, as a matter of law without regard to the other facts, that it was negligence so as to preclude her from recovering in this action. *Schaeherl* v. *St. Paul City Ry. Co.* 42 Minn. 42; *Nelson* v. *Atlantic & P. Ry. Co.*, 68 Mo. 595; *Pennsylvania R. Co.* v. *Lyons*, 129 Pa. St. 113; *Evansville & C. R. Co.* v. *Duncan*, 28 Ind. 441; *Philadelphia Ry. Co.* v. *Kilgore*, 32 Pa. St. 292; *Cumberland Val. R. Co.* v. *Maugans*, 61 Md. 61; *McMahon* v. *Northern Central Ry. Co.*, 39 Md. 439; *Price* v. *St. Louis, K. C. & N. Ry. Co.*, 72 Mo. 414.

The charge given as to the degree of care required by a common carrier of passengers for hire and claimed by defendant to be a much higher degree than that required by law, and therefore erroneous, is the recognized and established law of this state. *McLean* v. *Burbank*, 11 Minn. 277, (Gil. 189;) *Citizens' Street Ry. Co.* v. *Twiname*, 111 Ind. 587; *St. Louis, A. & T. Ry. Co.* v. *Finley*, 79 Texas, 88; *McElroy* v. *Nashua & L. R. Co.*, 4 Cush. 400; *Fuller* v. *Naugatuck R. Co.*, 21 Conn. 557; *Edwards* v. *Lord*, 49 Me. 279; *Hadley* v. *Cross*, 34 Vt. 586; *Topeka City Ry. Co.* v. *Higgs*, 38 Kan. 375; *Taylor* v. *Grand Trunk Ry. Co.*, 48 N. H. 314; *New Jersey R. Co.* v. *Kennard*, 21 Pa. St. 203; *Maerick* v. *Eighth Ave. R. Co.*, 36 N. Y. 378; *Stokes* v. *Saltonstall*, 13 Pet. 181; *Philadelphia & R. R. Co.* v. *Derby*, 14 How. 468; *Steamboat New World* v. *King*, 16 How. 469.

DICKINSON, J.   The plaintiff, while a passenger on a street car of the defendant company, operated by electricity, was either thrown or fell to the ground while she was attempting to get off the car.

For injuries caused thereby she prosecutes this action, alleging as affording a right of recovery that she was thrown to the ground by the sudden and negligent starting of the car as she was getting off. A verdict was returned for the plaintiff, a new trial was refused, and the defendant appealed.

1. The evidence justified the conclusion by the jury that the car was started suddenly as the plaintiff was in the act of stepping off, and that the persons operating the car were wanting in care in this matter. The car had stopped at the plaintiff's signal, to let her off. The seats extended quite across the car from side to side. Two passengers occupying seats outside the plaintiff first got off, and she followed without unnecessary delay, as may be inferred from the evidence.

2. The refusal to give the second requested instruction on the part of the defendant was not error, for its substance was given in other instructions to the jury.

3. The court instructed the jury to the effect that, if the plaintiff was put in a position of peril by the sudden starting of the car, and jumped off as the car started, and if a person of ordinary prudence might have done the same thing, it would not be contributory negligence. This is claimed to have been erroneous, because neither the pleadings nor the evidence presented a case to which such an instruction would be applicable. If that were so, it would seem that the jury could not have been misled by the instruction, the correctness of which we are not asked to consider. But we think that the facts as presented by the evidence rendered it proper for the court to state the law applicable to such a case. The evidence on the part of the defendant seems to have been directed to showing that the car had started before the plaintiff got off, and that she stepped off while it was in motion. The case would have justified the conclusion that the car started almost simultaneously with her leaving it, and whether it was a little before or at the very time of her doing so was for the jury to consider. The conductor testified that he "saw that she was in that position that she was going to fall, and I tried to get the car stopped as soon as I could, to save her." If, as might be anticipated, the jury should consider that she had proceeded so far in getting off,

when the car started, that she could not safely stop her movement and retain her place on the car, and hence "jumped" or stepped off while at that instant the car was moving, the applicability of the instruction of the court is apparent.

4. What has just been said is also applicable to the eighth requested instruction, which was refused by the court. It was faulty as a proposition applicable to this case, because it declared without qualification that the attempt of the plaintiff to step off the car while in motion would preclude a recovery. It disregards the possible fact that the starting of the car was so nearly simultaneous with, although perhaps actually preceding, her stepping off, that practically she had no choice after the car started, but had to step off to avoid falling, not being able to stop her movement in time to retain a safe position on the car.

5. We need not consider whether the court stated to the jury in too strong terms the general rule of care incumbent on carriers of passengers,—"the highest which human foresight can attain."

The circumstances of this case did not require the jury to consider with discrimination the precise *degree* of care which the defendant ought to have exercised. The conductor, being on the same car with the plaintiff, and that an open car, stopped it to let the plaintiff and other passengers get off. He gave the signal for starting again. It does not appear that he could not see whether the plaintiff had got off when he started the car; and, if the car was started while she was getting off, there being no apparent excuse therefor, it was negligence for which she has a right of action, if not herself in fault. The jury must have found the *fact* in issue against the defendant, and, this being so, the latter would be responsible under any possible form in which the general rule may be expressed as to the degree of care required of common carriers of passengers.

One or two other assignments of error are so plainly not sustainable that we forbear mentioning them particularly.

Order affirmed.

(Opinion published 53 N. W. Rep. 1060.)