ANN CODY v. DULUTH STREET RAILWAY COMPANY and Another.[1]

December 30, 1904.

Nos. 14,167—(187).

**Charge to Jury.**

In the trial of an action based upon the alleged negligence of defendant in suddenly starting its car while it was standing still at a crossing, and thereby throwing plaintiff to the ground, it was asserted by defendant and denied by plaintiff that the latter jumped from a rapidly moving car at a considerable distance from the place of the alleged injury. *Held*, the trial court erred in charging the jury that, if they believed the plaintiff stepped or jumped off the car while in motion, they could consider the question whether a person, in the exercise of or-

[1] Reported in 102 N. W. 201, 397.

dinary care and prudence, under the same circumstances, would have jumped or stepped off. Such an issue was not tendered by the pleadings or litigated in the presentation of the case.

On Reargument, February 3, 1905.

**Request to Charge Jury.**

In an action against a street railway for injuries to a passenger, a request to charge that, if plaintiff jumped or stepped off the car while in motion, she could not recover, was properly refused, because it was indefinite as to the speed of the car on which the question of negligence in stepping therefrom would depend.

**Negligence—Contributory Negligence.**

A complaint charged negligence in that the car, having stopped to permit plaintiff to alight, was suddenly started, and plaintiff was thrown to the ground. Defendant attempted to show that plaintiff was guilty of contributory negligence in alighting before the car had come to a stop. The court, in its charge, defined the general duties of defendant as a common carrier, defined contributory negligence, and then stated that there were two controlling issues in the case: First, was defendant negligent, and were the injuries proximately caused by such negligence? Second, was plaintiff negligent, and did her negligence proximately cause or contribute to her injury? After charging on the first phase of the case, the court stated that with reference to plaintiff's negligence the jury should consider where the car was when plaintiff arose from her seat, whether it was moving, and, if so, at what speed, and then continued that, if plaintiff got off the moving car, the question whether or not a person of ordinary care would have jumped off the steps of the car under the same circumstances under which plaintiff was placed was a question of fact for the jury. *Held*, that the concluding clause of the charge did not, when considered with the entire charge, and especially with that portion directed to contributory negligence, inject a question not litigated into the case, and was not necessarily misleading.

**Duty of Counsel.**

Where a charge is otherwise clear and distinct on the issues submitted at the trial, language susceptible of a construction in conflict therewith must be called to the attention of the court by counsel if he deems it misleading.

Action in the district court for St. Louis county to recover $10,050 for personal injuries. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $4,500. From an order

denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed on rehearing.

*Thos. S. Wood,* for appellant.

*John Jenswold, Jr.,* for respondent.

DOUGLAS, J.

This action was brought to recover damages for an injury received from being thrown from a street car, and was based upon the negligence of defendant in suddenly starting its car after it had stopped, at a time when plaintiff, a passenger, was about to alight therefrom.

Evidence was offered by the plaintiff tending to establish a prima facie case of negligence against the defendant, and that a serious injury resulted. On the other hand, evidence was offered on behalf of defendant tending to show that the injury to plaintiff occurred at a point midway in the block after the car left the street crossing where it was accustomed to stop, and where plaintiff claimed she was injured; also that such injury was caused by the negligence of the plaintiff in hurrying to the end of the car and voluntarily stepping or jumping off while it was moving rapidly. This was emphatically denied by plaintiff.

The questions of fact presented under the issue tendered by the plaintiff were fully and fairly submitted to the jury, but, after charging in detail as to the law applicable upon the question of possible contributory negligence of the plaintiff, the court, as an incident thereto, charged the jury, in substance, that, if she stepped or jumped off the moving car, they could consider the further question whether a person in the exercise of ordinary care and prudence, under the same circumstances under which she was placed, would have jumped or stepped off.

While it has been repeatedly held by this court that the question whether a person is free from contributory negligence in stepping off from a moving car is generally one of fact for the jury, depending upon a variety of circumstances (Piper v. Minneapolis St. Ry. Co., 52 Minn. 269, 53 N. W. 1060; Gaffney v. St. Paul City Ry. Co., 81 Minn. 459, 461, 84 N. W. 304; as applied to horse cars, Schacherl v. St. Paul C. Ry. Co., 42 Minn. 42, 43 N. W. 837), still that question was not at issue in the case at bar, and, in our opinion, the trial court erred in submitting it. Plaintiff did not justify her act in leaving the car while in motion, or charge defendant with any act of negligence directly or indirectly involv-

ing it; but, on the other hand, emphatically denied that she either started to leave the car or stepped off under such circumstances. She testified that she left her seat after the car stopped at the crossing, and while standing in the vestibule, and about to alight, the car was started suddenly, and she was thereby thrown to the ground. Therefore submitting the question of fact to the jury for determination whether she acted prudently or cautiously in stepping or jumping off at a time when the evidence tended to show the car was running at a high rate of speed not only confused the issue presented, but might be treated by the jury as charging inferentially that it was their duty to find for the plaintiff, regardless of the negligence charged, if the evidence disclosed that she suffered injury in alighting from the car while in motion; provided they further found that in doing so she used such care and caution as a person of ordinary prudence would have used under the same circumstances.

In Morrow v. St. Paul City Ry. Co., 65 Minn. 382, 67 N. W. 1002, it was held that the trial court erred in submitting to the jury the question whether defendant furnished the plaintiff's intestate a safe place in which to work, for the reason that such question was not one of the issues tendered by the pleadings. We are of the opinion this case falls within the principle therein declared. The plaintiff was entitled to recover, if at all, only for an injury arising from or caused by the negligence of defendant alleged in the complaint.

Order reversed and new trial granted.

This case having been reargued the following opinion was filed on February 3, 1905.


PER CURIAM.

A re-examination of this case upon reargument convinces us that the court misapprehended the force and effect of the instruction which was the basis of reversal in the decision heretofore filed.

The specific ground of negligence charged in the complaint was that the car upon which plaintiff was riding stopped for the purpose of allowing plaintiff to get off, and while she was in the act of going down the steps defendant negligently and suddenly started the car with a jerk, thereby throwing plaintiff to the ground. Defendant attempted to prove that plaintiff stepped off the car before it had come to a stop, and was thus guilty of contributory negligence. This line of defense is shown

clearly by the cross-examination of plaintiff and by the testimony of several witnesses called on the part of defendant. Defendant excepted to the following language, used by the court in the course of the charge to the jury:

> If the car was moving when plaintiff left her seat, and went down on the step of the car, whether or not she was advised not to go off, and, if she did get off the moving car, whether or not a person of ordinary care and prudence, under the same circumstances under which she was placed, would have jumped or stepped off the step of the car, these are all questions of fact for you, the jury, to determine, and I invite your attention to the evidence, and all the evidence in the determination of these questions.

The previous decision was based upon the ground that the effect of this part of the instructions was to inject a new issue in the case, not presented by the pleadings, and not litigated at the trial, and in effect left the jury to infer that they might find a verdict for plaintiff, although the car was in motion at the time she attempted to alight, provided she used ordinary care in so doing. The court fell into error in this respect by failing to consider the nature of the evidence bearing upon the question of contributory negligence, and in not sufficiently comprehending the general charge of the court upon that question.

From a re-examination of the record it clearly appears that plaintiff did not assume an inconsistent attitude at the trial, or attempt to recover upon any other ground than the one set forth in the complaint; but the defense of contributory negligence was vigorously interposed, and made a very prominent issue in the case. It was proper, therefore, for the court to set before the jury the issues which had been presented at the trial, and the question was thus set forth in the first part of the general charge:

> And the question arising from these allegations of the complaint, which the jury must determine from the evidence in the case, is, did the defendants so negligently and carelessly start their car with a jerk that the plaintiff was thrown from said step onto the ground, whereby she received the injuries complained of?

The court then set out in detail the duties of defendant as a common carrier, for hire, of passengers; the management and control of its cars; the duty to stop a sufficient length of time to permit passengers to get on and off; and then stated that defendant claimed plaintiff was injured by her own negligence, and, if plaintiff's negligence contributed to her injuries, then she could not recover. The court then defined contributory negligence as applicable to plaintiff in this case, and in recapitulating this question said there were two controlling questions for the jury: First. Was defendant negligent, as charged in the complaint, and were plaintiff's injuries proximately caused by such negligence? Second. Was plaintiff negligent, and did her negligence proximately cause or contribute to her injuries? The court further stated that the jury should consider the respective claims of the parties in the light of the evidence, and in considering the first question to determine whether, in the exercise of due care, defendant, after stopping at the crossing, and after plaintiff was on the steps of the car, allowed her a reasonable time to alight, and, if not, then it was guilty of negligence. But, on the other hand, in relation to the second question:

> Was the plaintiff negligent, and did her negligence proximately cause or contribute to the injury she received, and of which she complains? It is your duty to consider and determine from the evidence where the car was when the plaintiff arose from her seat in the car; whether or not it was then moving; if so, at what speed it was moving; whether it was moving when the plaintiff entered the vestibule and went down upon the car step; the speed at which the car was moving, as the evidence discloses it.

Following this quotation appears that portion of the charge previously set out, and which was excepted to by appellant.

Defendant requested the court to instruct the jury that, if plaintiff jumped or stepped off the car while in motion, she could not recover. This particular request was properly refused, because indefinite as to the speed of the car. Negligence on her part would depend on the speed at which the car was going. But it was proper for the court to submit to the jury the question of contributory negligence, defendant having tried the case upon that line of defense. While that portion of the charge excepted to, when considered by itself, would seem to inject into

the case a question not litigated, yet, when considered with the entire charge, and especially with that portion directed to contributory negligence, it is not necessarily misleading, and is not fairly open to the objection made to it. The court, by using this language, is not addressing the jury upon the question of defendant's negligence, but is speaking wholly upon the question of plaintiff's negligence; and defendant had introduced testimony tending to show that the car was moving when plaintiff left her seat and went on the steps, and that she was advised not to get off, but did get off, when the car was moving. It is true the court made the statement that it was a question of fact as to whether plaintiff exercised ordinary care and prudence while getting off the car when in motion; yet, when considered in connection with the proposition then being submitted to the jury, it cannot reasonably be held that it had the effect of confusing and diverting the minds of the jurors from the real question submitted.

We think this part of the language excepted to comes within the rule that, if the charge is otherwise clear and distinct on the issues submitted at the trial, language susceptible of a construction in conflict therewith requires counsel to call the attention of the court thereto if it is deemed to be misleading. It is apparent, when considered in connection with the context, that the language referred to was not used for the purpose of denying the propositions of law then under consideration, and was not error.

We find no other error in the case, and, for the reasons stated, the former order of the court is revoked, and the order appealed from is affirmed.