RICHARD FEAGIN ET AL. v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided February 8, 1907.

**1.—Contributory Negligence—Peremptory Charge—Error.**

Where, in a suit for personal injuries, it appeared that plaintiff's wife was assisted in boarding a train before it had fully stopped and that by the jerk of the train in starting again before she had reached a seat she was

thrown against a seat and upon the floor, thereby sustaining injuries, it was error for the court to instruct a verdict for the defendant on the ground that the evidence showed as matter of law that the plaintiff's wife was guilty of contributory negligence.

### 2.—Allegation and Proof.

Where the petition alleged that the passenger boarded the train after it had come to a full stop and she was thereafter thrown down and injured by the sudden starting of the train before she was seated, and the evidence showed that the passenger boarded the train before it had come to a full stop and was thereafter injured as alleged by the sudden starting of the train, the variance was immaterial.

Error from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*F. McDonald, J. W. Lewis* and *Dean, Humphrey & Powell,* for plaintiffs in error.

*J. W. Terry* and *F. J. Duff,* for defendant in error.—It is a general and well established rule that when plaintiff having a right to rely upon general allegations for the admission of his proof, chooses to plead specially the facts upon which he relies for recovery, he must confine his proof to the facts alleged, and can recover upon no other ground.

Where the plaintiff makes general allegations of negligence, but follows the same with allegations of specific acts, he will be confined in his proof and recovery to the specific acts alleged. Galveston, H. & S. A. Ry. Co. v. Herring, 36 S. W. Rep., 130; Johnson v. Galveston, H. & N. Ry. Co., 66 S. W. Rep., 908; Missouri, K. & T. Ry. Co. v. Chittim, 40 S. W. Rep., 24; Texas & Pac. Ry. Co. v. French, 86 Texas, 96.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by Richard Feagin and wife, Annie, to recover damages for personal injuries to the latter alleged to have been caused by the negligence of the defendant. The petition alleges, in substance, that Mrs. Feagin on the 8th day of August, 1900, entered upon one of defendant's passenger trains at Stoneham in Montgomery County, for the purpose of riding thereon as a passenger to Bobbin, another station on said railway in Montgomery County, and that just after getting upon the train and before she could reach a seat the train was suddenly started with a violent jerk which threw her against the arm of a seat in the car and upon the floor with such force as to cause her painful and severe injuries in several portions of her body. The nature and extent of the alleged injuries are fully set out and damages are claimed in the sum of $30,000.

The defendant answered by general denial, and by trial amendment filed after Mrs. Feagin had testified, pleaded contributory negligence on her part in boarding the train while it was in motion. After all the evidence had been introduced the defendant moved the court to instruct a verdict.in its favor. This motion was granted and a verdict and judgment rendered accordingly.

No question is raised by appellee as to the sufficiency of the evidence to raise the issue of Mrs. Feagin's alleged injuries and that such in-

juries were the proximate result of her being thrown upon a seat and the floor of the car, at the time and .place alleged, by the sudden movement of the train upon which she was a passenger, and it is therefore unnecessary to set out the evidence upon these issues.

It is contended, however, that the judgment of the court below should be sustained upon the grounds: First, that the evidence shows as a matter of law that Mrs. Feagin in getting on the train before it came to a full stop was guilty of contributory negligence, and therefore no recovery can be had by either of the plaintiffs, and second, that there is such a variance between the evidence and the allegations of the petition as to preclude a judgment in plaintiffs' favor.

We think neither of these contentions can be sustained. Mrs. Feagin testified that the train did not come to a full stop before she got on it. To use her language, "It did not stop full, it was in motion of movement." She further testified that she was helped on the train .by the conductor, who had gotten off before the train stopped.    She says: "The conductor jumped off before the train stopped; the conductor gave me a hand . . . The train did not stop good; the train was starting to go faster that caused the cars to come together; the jerk throwed me sideways and I went rolling. I fell on my left side. I fell on my right side right at the door. I fell on a bench that people sit on. I started falling as I came in the door. I went sideways and was grabbing at a seat. . . . I fell in between the first seat and the next seat and in front of the door. I commenced falling at the door. The jerk jarred me and I staggered, falling forward."

It is clear that this evidence does not show contributory negligence on the part of Mrs. Feagin as a matter of law, and it is doubtful if it raises that issue.    It is true that she testifies that the train had not come to a full stop at the time she got on, but she further says that defendant's conductor was on the ground ready to receive passengers and assisted her in getting on, and it appears from her testimony taken as a whole that the train was so nearly stationary at the time she boarded it that to board it at the implied invitation and with the assistance of the conductor could hardly be held to be an act wanting in ordinary care; at all events, it can not be said to be an act so opposed to the dictates of prudence and care as that all reasonable minds would declare it negligence.

We think it equally clear that there is no material variance between the evidence and the allegations of the petition.    The petition alleges that "just as soon as the train came to a full stop" Mrs. Feagin got on and was proceeding to a seat, and that without giving her time to reach her seat it was "started with a quick, violent. and sudden jerk."

The gravamen of the charge upon which negligence was based was the sudden and violent jerking of the train before plaintiff had time to reach her seat, and it was entirely immaterial upon the issue of the alleged negligence of the defendant whether the train was absolutely stationary at the time she boarded it, or as testified by her "was in motion of movement." It would be just as negligent to suddenly and violently increase the speed of a train which had not entirely stopped, but upon which a passenger had been received without giving such pas-

senger time to reach a seat as it would to so suddenly start a train which had come to a full stop for the purpose of receiving such passenger.

The allegation of the petition that "just as soon as the train came to a full stop" was no part of the charge of negligence against the defendant, and being immaterial to any issue in the case the fact that it may have been shown to be untrue could not defeat plaintiffs' right to recover.    (Hicks v. Galveston, H. & S. A. Ry. Co., 96 Texas, 355; International & G. N. Ry. Co. v. Dyer, 76 Texas, 160; Ridenhour v. Kansas City Cable Ry. Co., 13 S. W. Rep., 889.)

We think the assignments of error complaining of the action of the trial court in instructing a verdict for the defendant should be sustained, and the   judgment reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*