KNUCKEY, RESPONDENT, v. BUTTE ELECTRIC RAILWAY CO. ET AL., APPELLANTS.

(No. 2,831.)

(Submitted May 20, 1910. Decided May 28, 1910.)

[109 Pac. 979.]

*Street Railways—Passengers—Personal Injuries—Master and Servant—Joinder of Parties Defendant—Complaint—Sufficiency—Failure of Proof.*

Master and Servant—Passengers—Personal Injuries—Parties Defendant—Joinder.
1. *Held,* that a master and his servant may properly be joined as defendants in an action for personal injuries, directly caused by the negligence of the servant, for which negligent act the master is responsible under the doctrine of *respondeat superior.*

Personal Injuries—Street Railways—Passengers—Complaint—Sufficiency.
2. The complaint in an action against a street railway company to recover damages for injuries sustained in being thrown from the steps of the car while waiting to alight at his destination, and after the car had stopped but before plaintiff had time to step off, *held* sufficient to state a cause of action.

Same—Complaint—Evidence—Failure of Proof.
3. Plaintiff alleged in his complaint against a street railway company that while he was at his destination and in the act of stepping off defendant's car (thus implying that the car had stopped), it was negligently started with a sudden jerk, causing him to be thrown to the ground and injured. The testimony showed that while the speed of the car had slackened, it did not stop but, having run by his destination at a slow rate of speed, suddenly accelerated its speed, causing plaintiff to fall. *Held,* that there was such a variance as amounted to a failure of proof.

Same—Passengers—Alighting from Car While in Motion—Responsibility of Carrier.
4. Where a passenger alleges in his pleadings, or shows by his proof, that he alighted from defendant's car while the same was in motion, he must also show his reason for so doing, *i. e.,* that the proximate cause of his injury, was negligence on the part of defendant. The mere fact that he was injured is not alone sufficient to charge the carrier with responsibility therefor, unless the injury is caused by some agency for which the carrier is responsible.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by Frank Knuckey against the Butte Electric Railway Company and another. From a judgment in favor of plaintiff, defendants appeal. Reversed and remanded.

*Mr. W. M. Bickford, Mr. George F. Shelton, Mr. Thomas J. Walker,* and *Mr. Charles A. Ruggles* submitted a brief in behalf of Appellants.   Oral argument by *Messrs. Walker* and *Ruggles.*

It is improper to join a master and servant as codefendants in a negligence case, where the master's liability rests solely upon the doctrine of *respondeat superior,* and not upon the participation by the master in the wrongful acts or omissions complained of.   (See *Parsons* v. *Winchell,* 5 Cush. 592, 52 Am. Dec. 745; *Hewett* v. *Swift,* 3 Allen, 420; *Bailey* v. *Bussing,* 37 Conn. 349; *Campbell* v. *Portland Sugar Co.,* 62 Me. 552, 16 Am. Rep. 503.)   The appellate court of Illinois, in the case of *Johnson* v. *Magnuson,* 68 Ill. App. 448, held that under the Practice Act of that state, the old common-law distinctions having been abolished, the master and servant could be joined in an action of tort, where the master's liability was simply due to the relationship existing between him and the servant, and not to any act of the master.   The same court, in a later case— *Berghoff Brewing Co.* v. *Przbylski,* 82 Ill. App. 361—however, overruled the case of *Johnson* v. *Magnuson.*   (See, also, *Page* v. *Parker,* 40 N. H. 47; *Warax* v. *Cincinnati etc. Ry. Co.,* 72 Fed. 642.)

A plaintiff in an action of this character, who shows by his own allegation, or by proof, that he attempted to alight from a car at a point not in any wise indicated as a usual stopping place without in any way notifying the persons in charge of the operation of the car of his desire or intention to alight, and who fails to show that such persons had any knowledge, either actual or constructive, of his desire to get off at that point, or of his actually attempting to get off at such point, shows that, as a matter of law, he is not entitled to recover damages for injuries sustained while in the act of so getting off, and this whether the car was in motion or not.   (*Spaulding* v. *Quincy & Boston Ry. Co.,* 184 Mass. 470, 69 N. E. 217; *White* v. *West End Ry. Co.,* 165 Mass. 522, 43 N. E. 298; *Blakney* v. *Seattle Electric Co.,* 28 Wash. 607, 68 Pac. 1037; *Chicago etc. Ry. Co.*

v. *Mills,* '91 Ill. 39; *Lee* v. *Elizabeth etc. Ry.* Co., 69 N. J. L. 607, 55 Atl. 106; *Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 99 Pac. 837.)

The plaintiff was injured while attempting to get off a moving car, going at the rate of from six to eight miles an hour, while he was encumbered with a double-barreled gun and a loaded cartridge belt, his attempt to get off the car being in the middle of a block, and at a point which was not a regular stopping place of the cars. Under these circumstances, the plaintiff was guilty of such negligence as to bar a recovery on his part, even assuming that he gave some notice of his desire to get off. (*Boone* v. *Oakland Transit Co.,* 139 Cal. 490, 73 Pac. 243; *Jagger* v. *People's St. R. Co.,* 180 Pa. 436, 36 Atl. 867, 38 L. R. A. 786; *Harmon* v. *Washington etc. Ry. Co.,* 6 Mackey (D. C.), 57; *Campbell* v. *Los Angeles Ry. Co.,* 135 Cal. 137, 67 Pac. 50; *Saffer* v. *Railroad Co.,* 5 N. Y. Supp. 700; *Toledo etc. Co.* v. *Wingate,* 143 Ind. 125, 37 N. E. 274, 42 N. E. 477; *Solomon* v. *Ry. Co.,* 103 N. Y. 437, 57 Am. St. Rep. 760, 9 N. E. 430; *Brown* v. *R. Co.,* 181 Mass. 365, 63 N. E. 941; *Newlin* v. *Iowa Central Ry. Co.,* 127 Iowa, 654, 103 N. W. 999; *Burgin* v. *R. Co.,* 115 N. C. 673, 20 S. E. 473; *Mearns* v. *Central R. R. Co. of New Jersey,* 139 Fed. 543, 71 C. C. A. 331; *Outen* v. *North & South St. Ry. Co.,* 94 Ga. 662, 21 S. E. 710; *Calderwood* v. *North Birmingham Ry. Co.,* 96 Ala. 318, 11 South. 66; *North Chicago Ry. Co.* v. *Wrixon,* 51 Ill. App. 307.)

The mere fact that the car actually slows down, even after the party has expressed his desire to get off, does not justify a passenger in attempting to alight at a point which is not a regular stopping place, although such regular stopping place has been signaled for by the plaintiff passenger and the conductor has assented to the request. (*Oddy* v. *West End Ry. Co.,* 178 Mass. 341, 86 Am. St. Rep. 481, 59 N. E. 1026; *Armstrong* v. *Metropolitan St. Ry. Co.,* 55 N. Y. Supp. 498.)

Where a plaintiff attempts to alight from a car of a street railway company, without giving any notice whatever of his

intention so to do to the persons in charge of the car, he cannot properly charge the company with negligence, if he happens to be thrown from the car by the car's suddenly starting backward or forward.  His desire and intention to get off and his being in a position of peril must be known somehow to the conductor or the motorman before they can be charged with any negligence in operating the car without regard to his presence. (*Lee* v. *Elizabeth etc. Ry. Co.*, 69 N. J. L. 607, 55 Atl. 106; *White* v. *West End Ry. Co.*, 165 Mass. 522, 43 N. E. 298; *Chicago etc. Ry. Co.* v. *Mills*, 91 Ill. 39; *Spaulding* v. *Quincy & Boston R. Co.*, 184 Mass. 470, 69 N. E. 217; *Blackney* v. *Seattle Elec. Co.*, 28 Wash. 607, 68 Pac. 1037.)

In behalf of Respondent there was a brief by *Messrs. Maury & Templeman,* and *Mr. J. O. Davies,* and oral argument by *Mr. H. L. Maury.*

In the following states in which the question relative to misjoinder of the master and servant in a negligence case such as this has arisen, it has been decided adversely to appellants' contention: New York, Indiana, Texas, Kansas, Minnesota, Georgia, Kentucky, New Jersey, South Carolina, Washington, Tennessee, Wisconsin and Alabama.  The cases *pro* and *con* are carefully collated in a note to *Mayberry* v. *N. P. Ry. Co.* (Minn.), 10 Am. & Eng. Ann. Cas. 756, and for additional authorities, holding in respondent's favor, see *Southern Ry. Co.* v. *Arnold* (Ala.), 50 South. 293; *Hinds* v. *Harbou,* 58 Ind. 121; *Shearer* v. *Evans,* 89 Ind. 400; *Ward* v. *Pullman Car Co.* (Ky.), 114 S. W. 754; *Swain* v. *Tennessee Copper Co.,* 111 Tenn. 438, 78 S. W. 93; *Jones* v. *Duck Town Sulphur, Copper & I. Co.,* 109 Tenn. 375, 71 S. W. 821; *Schaefer* v. *Osterbrink,* 67 Wis. 495, 58 Am. Rep. 875, 30 N. W. 922; *Greenberg* v. *Whitcomb Lumber Co.,* 90 Wis. 225, 48 Am. St. Rep. 911, 63 N. W. 93.

Plaintiff having alleged that the defendants undertook and agreed to transport him to and deliver him safely at his desired destination, which, in another part of the complaint, he alleged to be at the intersection of Warren and East Galena streets, it would be immaterial whether or not the place was a

usual and customary place for the defendant to stop its cars. They would be bound to transport him to the place which they undertook and agreed to do, whether it was a usual and customary place or not, and it would be unnecessary for plaintiff to inform the defendants, or either of them, that he wished or desired to get off at a place where he says they undertook and agreed to deliver him. He would have a right to assume that they would let him off at the place where they undertook and agreed to deliver him.

Again, we contend that the complaint by every reasonable intendment which should be given to the complaint at this stage of the proceedings, does allege that the car stopped at the intersection of East Galena and Warren streets, and that the injuries caused plaintiff were due to the fact that the defendants, while the car was at said place, suddenly and violently started said car and put it in motion, without allowing plaintiff sufficient time to get off. (*Peterson* v. *Metropolitan Ry. Co.,* 211 Mo. 498, 111 S. W. 37; *Galveston H. & S. A. Ry. Co.* v. *Fink,* 44 Tex. Civ. App. 544, 99 S. W. 204.)

In our opinion, the complaint would have stated a cause of action if it simply had alleged that while the plaintiff was riding upon the platform and steps of the said car he was thrown from the car, through the want of care of the defendants, by reason of the defendants' carelessly and negligently starting and putting in motion the said car, with a sudden and violent start. (*Scott* v. *Bergen Traction Co.,* 63 N. J. L. 407, 43 Atl. 1060; *Cons. Traction Co.* v. *Thalheimer,* 59 N. J. L. 474, 37 Atl. 132; *Birmingham Ry. Co.* v. *Haggard,* 155 Ala. 343, 46 South. 519; *Southern Ry. Co.* v. *Burgess,* 143 Ala. 364, 42 South. 35; *Birmingham Ry. Co.* v. *Wright,* 153 Ala. 99, 44 South. 1037; *Birmingham* v. *McGinty,* 158 Ala. 410, 48 South. 491.)

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action to recover damages on account of personal injuries, alleged to have been sustained by plaintiff while a passenger on one of the street-cars of the defendant Butte Elec-

tric Railway Company, in Butte, Silver Bow county.   The complaint, after alleging that the destination of the plaintiff, on the night he was injured, was the intersection of Warren and East Galena streets, alleges: ''That while plaintiff was such passenger, and at his destination, the place aforesaid, when in the act of getting out of and off from said car and being still thereon, to-wit, on the platform and steps thereof, the said car was, through want of care of the said defendants, carelessly and negligently started and put in motion, with a sudden and violent start and without allowing plaintiff sufficient time to get off, and in consequence thereof, and in consequence of the negligence and carelessness of the defendants in running and conducting said car, the said plaintiff was suddenly and violently thrown to the ground,'' etc.

The plaintiff testified, in substance: That as the car approached the intersection of Warren and East Galena streets, he arose from his seat near the front door and went to the door, which he found was fastened on the outside.   The motorman unfastened it and let him out upon the platform.   As he passed out, he said ''Warren,'' in an ordinary tone of voice.   The car slowed down near the crossing, to a speed of about four or five miles per hour.   Plaintiff stepped down one step, with his hand grasping the iron rail.   The car did not stop at Warren street, but continued to run at the slow rate of speed for about 100 feet, when suddenly it was violently jerked and started forward so swiftly that plaintiff lost his hold, fell to the ground and was injured.   Other passengers testified that there was a violent jerk of the car.

At the close of plaintiff's case, the defendant Rundblad filed a motion to dismiss the action as to him, for the reason, among others that there was a fatal variance between the proof introduced by plaintiff and the allegations of his complaint.   The defendant Butte Electric Railway Company moved for a nonsuit for the same reasons.   Both motions were overruled.   At the close of all the testimony, defendants moved the court to peremptorily instruct the jury to return a verdict in their favor,

for the same reasons urged in support of the previous motions. This the court refused to do. The trial resulted in a verdict for the plaintiff in the sum of $25,000. This amount was reduced to $11,000 by the trial court as the condition of an order denying a new trial. Plaintiff accepted the condition. From the judgment and the latter order, defendants have appealed.

1. It is contended by counsel for the appellants that there is a misjoinder of parties defendant, for the reason that there is no joint liability of the master and the servant; that the liability of the master rests upon an entirely different basis from that of the servant, in that the liability of the latter is based directly upon his own negligent act and its effect upon the plaintiff, whereas the liability of the master results from the application of the doctrine of *respondeat superior.* The question is hardly an open one in this state. We have the modern reformed procedure, and it has been customary to pursue the practice adopted by the plaintiff. In *Golden* v. *Northern Pacific Ry. Co.,* 39 Mont. 435, 104 Pac. 549, the matter was practically decided adversely to the appellants' contention. Now that the point has been directly raised, we see no reason for changing our views. The supreme court of Washington has held to the same effect in *Howe* v. *Northern Pacific Ry. Co.,* 30 Wash. 569, 70 Pac. 1100, 60 L. R. A. 949, as has likewise the supreme court of Minnesota in *Mayberry* v. *Northern Pacific Ry. Co.,* 100 Minn. 79, 110 N. W. 356, 12 L. R. A., n. s., 675, 10 Am. & Eng. Ann. Cas. 754, and note. (See, also, section 6486, Revised Codes.)

2. It is contended that the complaint does not state facts sufficient to constitute a cause of action, for the reasons: (1) That there is no allegation to the effect that the defendants had any knowledge or notice, either actual or constructive, that the plaintiff intended to get down on the steps of the front platform of the car and to alight from the same; and (2) that the complaint does not show the place where the plaintiff was in the act of getting out of and off from the car was a usual place for the defendant company to stop its cars so as to allow passengers to alight or go aboard. This specification of error well

illustrates the infirmity in plaintiff's case. It seems manifest that it either has some merit, or the court must hold, in response to another specification of error, that there was a fatal variance between the allegations of the complaint and the proof offered in support of those allegations. After a careful study of the language employed in this pleading, we are of opinion that it states facts' sufficient to constitute a cause of action. It is alleged that plaintiff's destination was Warren street; that the defendants understood and agreed to deliver him there; that "while plaintiff * * * was at his destination, * * * when in the act of getting * * * off from said car, * * * the car was * * * started and put in motion * * * without allowing plaintiff sufficient time to get off, and in consequence thereof * * * plaintiff was * * * thrown to the ground and sustained great injuries. * * * " We are unable to perceive how there can be a difference of opinion concerning the meaning of this language. It means that the car stopped at Warren street, and that while plaintiff was in the act of alighting, and before he had been given sufficient time for that purpose, it was suddenly started again, by reason of which he was thrown to the ground. This being true, the question whether defendants had notice that the particular passenger desired to alight becomes immaterial, so far as this case is concerned. To "start," as the word was employed in the pleading, means to cause to move; to set going; to give an initial impulse, as to start a train; to cause to begin to move; the beginning, as of a journey or course of action; initial impulse or movement; first motion from a place—opposed to finish. (Webster's New International Dictionary, ed. 1910.) It does not mean that the movement of the car was accelerated. The allegation is that the car stopped at Warren street; otherwise it could not have started from that point. The averment that the car was put in motion bears out this construction; indeed, it is concurred in by respondent's counsel.

3. In the view we have taken of other matters presented by the appeal, it becomes unnecessary to consider whether the court

erred in refusing to postpone the trial on account of the absence of certain witnesses on the part of the defendants.

4. It is contended that, aside from the other questions involved, the plaintiff failed to make out a case sufficient to go to the jury. We cannot agree with counsel in this. We think the jury was justified in concluding from plaintiff's testimony that he arose from his seat as the car approached Warren street, went out on the platform, and mentioned the name of the street to the motorman. This is the customary manner of signifying a desire that a car be stopped. The speed of the car was slackened and reduced to about four or five miles per hour, and he, under the impression that it was about to stop at the crossing, stepped down from the platform to the first step of the car, preparatory to alighting. The car did not stop, but continued at a slow rate of speed for some distance beyond the crossing, when suddenly, while he was in the same position and unable to determine whether it would stop in the immediate vicinity, its speed was increased with a violent jerk, and he was thrown off and injured. We think he established a *prima facie* case of negligence.

5. But it is contended by the appellants "plaintiff did not make the slightest attempt to prove the cause of action stated in the complaint, to-wit, a cause of action based upon his being injured while he was getting off a car which had stopped at Warren street and which was started and put in motion while he was in the act of getting off." This contention must be sustained. There was an entire failure to prove the cause of action pleaded. The motion for a nonsuit should have been granted on that ground. Respondent cites the case of *Feagin* v. *Gulf, C. & S. F. Ry. Co.*, 45 Tex. Civ. App. 251, 100 S. W. 346, wherein the court said: "The *gravaman* of the charge upon which negligence was based was the sudden and violent jerking of the train before plaintiff had time to reach her seat, and it was entirely immaterial upon the issue of the alleged negligence of the defendant whether the train was absolutely stationary at the time she boarded it, or, as testified by her, 'was in motion of movement.' It would be just as negligent to suddenly and

violently increase the speed of a train which had not entirely stopped, but upon which a passenger had been received, without giving such passenger time to reach a seat, as it would be to so suddenly start a train which had come to a full stop for the purpose of receiving such passenger." That case, however, is clearly distinguishable from the instant one. There defendant's alleged negligence occurred after plaintiff got upon the train. Here the electric railway company had a right to accelerate the speed of its car between stops, provided it did so in a reasonably careful manner; but it would have no right whatsoever to start a stationary car while a passenger was in the act of alighting. The defense to be interposed would be altogether different. Not only that, but the allegations of the complaint gave the defendants no notice that it would be claimed that the plaintiff was thrown from the car at a point 100 feet east of Warren street, by a violent jerk caused by a sudden increase of speed, while he was standing still on the steps of the car. He alleged that he was in the act of alighting, and the defendants might well have supposed that if they could prove that the car was in motion at the time, between cross streets, they might thereby exonerate themselves, either as a matter of law or in the estimation of the jury. And the question of notice to or knowledge of the motorman and conductor of plaintiff's position might become material if the speed of the car was merely increased; whereas, if the car had stopped at a customary and usual place, either on his signal or without signal, the servants of the company were bound to anticipate that some one might be alighting, and could not thereafter rightfully put the car in motion without giving a reasonable time to alight to all who desired to do so (*Ferry* v. *Manhattan Ry. Co.*, 118 N. Y. 497, 23 N. E. 822), and would not be justified in moving the car at all while a passenger was in the act of getting off under the circumstances alleged in the complaint. If the plaintiff had been injured in the manner set forth in his complaint—that is, after the car had been stopped—it would make no difference whether or not he had theretofore indicated to the motorman the fact that he desired to alight at Warren.

street.  On the other hand, if the car had not stopped, it became immaterial to inquire whether he had requested that it be stopped at that point.  (*Sims* v. *Metropolitan St. Ry. Co.,* 65 App. Div. 270, 72 N. Y. Supp. 835.)  In the latter case the question whether he spoke the word "Warren" to the motorman would throw considerable light upon the truth of his implied assertion that he expected the car would stop, and also upon the testimony of a witness who said that the car had passed Warren street before he started for the platform.

Another important question involved in the case, as shown by the testimony, is whether plaintiff caused his own injury by negligently getting off a moving car—a question of fact for the jury—whereas, in the case as pleaded, he had a right to get off where and when he did, and would probably have been guilty of no negligence in so doing.  It is true that the plaintiff was a passenger; but when he either alleges in his pleadings, or shows by his proof, that he alighted from a car while the same was in motion, he must also show his reason for so doing.  In other words, he must show the proximate cause of his injury to have been some negligence on the part of the defendant.  The mere fact that a passenger is injured while alighting from a car is not alone sufficient to charge a railway company with responsibility therefor.  (See *Kennon* v. *Gilmer,* 4 Mont. 433, 2 Pac. 21; *Holbrook* v. *Utica etc. R. R. Co.,* 12 N. Y. 236, 64 Am. Dec. 502.)  As was said by the New York court of appeals, in the last case cited: "It is incorrect to say that the negligence of the carrier is to be presumed from the mere fact that an injury has been done to plaintiff.  The presumption arises from the cause of the injury or from other circumstances attending it, and not from the injury itself."  The mere fact of an injury suffered by a passenger while on his journey, without any evidence connecting the carrier with its cause, is not sufficient to raise a presumption of negligence on the part of the carrier.  (2 Shearman & Redfield on Negligence, 5th ed., sec. 516.  See, also, *Mitchell* v. *Southern Pac. R. R. Co.,* 87 Cal. 62, 25 Pac. 245, 11 L. R. A. 130; *Pennsylvania R. Co.* v. *MacKinney,* 124 Pa. 462, 10 Am. St. Rep. 601, 17 Atl. 14, 2

L. R. A. 820; *Budd* v. *United Carriage Co.*, 25 Or. 314, 35 Pac. 600, 27 L. R. A. 279.)   Where, however, the injury is caused by some thing or agency for which the carrier is responsible, as, for instance, the condition of its track or roadbed, proof of that fact is, as a general rule, sufficient to raise a presumption of negligence.   Proof of the derailment of a train is sufficient. (*Pierce* v. *Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867; *Hoskins* v. *Northern Pac. Ry. Co.*, 39 Mont. 394, 102 Pac. 988.)

We conclude, therefore, that it was incumbent upon the plaintiff to prove some negligent act of the defendants which resulted in his injury, and that such negligent act must be the one, or one of those, set forth in the complaint.   Also, that the cause of action proven is not set forth in the complaint in any of its essential particulars, and the cause of action pleaded is unproved in its general scope and meaning, resulting in a failure of proof.   (See section 6587, Revised Codes; *Forsell* v. *Pittsburgh & Mont. C. Co.*, 38 Mont. 403, 100 Pac. 218; *Flaherty* v. *Butte Electric Ry. Co.*, 40 Mont. 454, 107 Pac. 416.   See, also, *Cody* v. *Duluth St. Ry. Co.*, 94 Minn. 74, 102 N. W. 201, 397.)

Respondent's brief is prefaced by an objection to the consideration by this court of the order overruling appellants' motion for a new trial.   The objection is based upon the contention that the district court lost jurisdiction to pass upon the motion for a new trial because of the fact that the bill of exceptions was not served and filed within the time allowed by an order of the court.   In view of what has been said by this court in *Hill* v. *McKay*, 36 Mont. 440, 93 Pac. 345, and *State ex rel. Mackey* v. *District Court*, 40 Mont. 359, 106 Pac. 1098, we are of opinion that the objection is not tenable.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied June 22, 1910.